KUCINICH, MAYOR, ET AL., APPELLEES, *v.*
CLEVELAND REGIONAL SEWER DISTRICT;
CITY OF CLEVELAND, APPELLANT.

(No. 40217—Decided May 24, 1979.)

*Mr. Jack M. Schulman,* law director, *Mr. Howard A. Schulman* and *Mr. Richard F. Horvath,* for appellees.

*Fink & Green Co., L.P.A., Mr. Adrian B. Fink, Jr.,* and *Ms. Janet R. Burnside,* for appellant.

KRENZLER, P. J.   The principal issue presented in this appeal is whether Cleveland City Council's approval is necessary to validate the Mayor's appointments to the Board of Trustees of the Cleveland Regional Sewer District.

In order to resolve this issue, it is necessary to understand R. C. Chapter 6119, entitled Regional Water and Sewer Districts, as well as the facts in the present case.

R. C. Chapter 6119 provides a voluntary method whereby cities, counties and townships may form a water and/or sewer district.

The voluntary proceedings for the organization of a

regional water and sewer district shall be initiated only by a petition filed in the office of the clerk of the Common Pleas Court. The petition shall be signed by one or more municipal corporations, or one or more counties, or by township trustees, or a combination of them, after having been authorized by the legislative authority of the subdivision. R. C. 6119.02. The legislative authority of any municipal corporation, the board of county commissioners of any county, and the board of trustees of any township may act on behalf of any part of their respective subdivisions. R. C. 6119.02.

The petition shall state, among other things: the name of the proposed district; the necessity for its creation and that it will be conducive to the public health, safety, convenience or welfare; a general description of the territory to be included; and the manner of selection, the number, the term and the compensation of the members of the governing body of the district, which body shall be called a board of trustees. Such petition may also set forth procedures for subsequent changes in the composition of and other provisions relating to such board of trustees. R. C. 6119.02.

After the petition is filed, a judge of the Common Pleas Court shall determine whether it complies with the requirements of R. C. Chapter 6119 as to form and content. Further, the court in subsequent proceedings may at any time permit the petition to be amended in form and substance to conform to the facts. R. C. 6119.02.

After it is determined that the petition is sufficient and has been filed in accordance with R. C. 6119.02, the court shall fix the time and place for a hearing on the petition for the establishment of the proposed regional sewer district and the hearing shall either be preliminary or final, as the petition may request. R. C. 6119.04. Any person, or any political subdivision residing or lying within an area affected by the organization of the district, on or before the date set for the hearing, may file an objection to the granting of the requests made in the prayer of the petition. R. C. 6119.04.

If after the preliminary hearing it appears that the proposed district is probably necessary and conducive to the public health, safety, convenience or welfare, the court, after disposing of all objections, shall issue a preliminary order declaring the district to be organized and that it is an independent

political subdivision of the state with its corporate name designated in said order. R. C. 6119.04(A). The order of the court shall provide for the election or appointment of a board of trustees in the manner provided in the petition. R. C. 6119.04(A)(1). The order shall also provide for the election, appointment, or employment of officers and employees and the preparation of a plan for the operation of the district. R. C. 6119.04(A)(1) through (4).

The preliminary order shall also direct the district to file a plan for the operation of the district and upon the filing of the plan the court shall fix the time and place for a final hearing on the petition for the establishment of the proposed district and the plan for the operation of the district. R. C. 6119.04.

At any time before the granting of the final order, the court may allow a municipal corporation to become a party to the proceedings, or grant an intervening petition of a municipal corporation or a county acting on behalf of the sewer district to have some, part, or all of its territory included within the district; grant a request filed by any party to the petition or intervening party to modify any request set forth in the petition, including the manner of selection, the number, the term and the compensation of the members of the board of trustees. R. C. 6119.04(B)(1), (2), (3).

If upon the final hearing it appears that the proposed district is necessary and is conducive to the public health, safety, convenience and welfare, and that the plan for the operation of the district is economical, feasible, fair and reasonable, the court, after disposing of all objections, shall by its findings entered of record declare the district finally and completely organized, and to be empowered to continue as a political subdivision. R. C. 6119.04(C). If, on the other hand, the court finds that the organization of the district is not necessary, or that it will not be conducive to the public health, safety, convenience or welfare, or that the plan for the operation is not economical, feasible, fair or reasonable, or if the district fails to file a plan for the operation of the district, it shall dismiss said proceedings. R. C. 6119.04(D).

Further, at any time after the creation of a water or sewer district, the district may file a petition in the Court of Common Pleas requesting a court order to increase or add to its purposes heretofore approved by the court, abandon or surrender

any purpose heretofore approved by the court, or amend any provision of the petition filed pursuant to R. C. 6119.02. R. C. 6119.051(A), (B), (C).

In addition, while it is not expressly provided in R. C. Chapter 6119, it is implicit therein that a political subdivision which is a member of the district may petition for an amendment or a modification on matters that are primarily of local concern, only affecting the subdivision, such as the method of appointing its members to the district's board of trustees. If this were not the case, such political subdivision might be precluded from obtaining such a change. This was clearly not the intent of the legislature.

After such a petition is filed, a date shall be set for a hearing and objections may be filed to the petition. At the hearing, if it appears that the request of the petition is conducive to the public health, safety, convenience or welfare, and will not, if granted, adversely affect the continued operation of the district, the court shall grant the prayer of the petition. Otherwise, it shall dismiss the petition. R. C. 6119.051.

Based on R. C. 6119.051 and the court's continuing jurisdiction, the court has authority to amend the petition filed purusant to R. C. 6119.02 and the plan filed pursuant to R. C. 6119.04. In order to implement a proposed change, it is necessary that a petition be filed with the court setting forth the requested change. Then, if the court finds that the request contained in the petition is conducive to the public health, safety, convenience or welfare, and will not, if granted, adversely affect the continued operation of the district, the court shall grant the prayer of the petition.

We shall now review the facts in the present case. On September 3, 1970, the Ohio Water Pollution Control Board filed a complaint in the Common Pleas Court of Cuyahoga County against the City of Cleveland alleging that the city had violated its orders by continuing to discharge pollution into state waters. The trial court granted an injunction, enjoining the City of Cleveland from issuing any sewer permits or making any new sewer connections without first obtaining the consent and approval of the Ohio Water Pollution Control Board (Case No. 886,594).

On December 1, 1970, the City of Cleveland responded by filing a third party complaint for declaratory judgment, injunc-

tive, and other equitable relief against 34 suburban political subdivisions, as well as the Board of Commissioners of Cuyahoga County. The city sought to restrain and enjoin the third party defendants from allowing any new or additional pollution to be discharged in the waters of the state, and from delivering polluting materials to the City of Cleveland's treatment plants for discharge into state waters.

On March 8, 1971, 21 political subdivisions filed a complaint and motion for temporary injunction against the City of Cleveland in the Common Pleas Court of Cuyahoga County (Case No. 892,711) claiming that the City of Cleveland was making unlawful charges against the political subdivisions for sewage treatment and disposal.

On February 1, 1972, the court consolidated Case Nos. 886,594 and 892,711 for trial under Case No. 886,594.

As an outgrowth of the foregoing litigation, the Cuyahoga County Commissioners filed a petition pursuant to R. C. Chapter 6119 to create the Cleveland Regional Sewer District. This case was labeled Special Docket No. 69411. Included among the provisions of the petition was a section providing for appointment of trustees.

Proceedings were held under R. C. Chapter 6119, and the City of Cleveland, Cuyahoga County, and 38 suburbs participated.

The final petition, plan and judgment entry were journalized on June 15, 1972. The trial court found that the petition complied with the requirements of R. C. Chapter 6119, and having disposed of all objections to the petition and having made amendments and deletions thereto, the court declared the Cleveland Regional Sewer District to be finally and completely organized in accordance with R. C. Chapter 6119.

It is noted that during the period of the creation of the Cleveland Regional Sewer District, the City of Cleveland neither filed nor signed a petition under R. C. 6119.02, nor pursued objections or amendments to the method of appointment to the Board of Trustees as set forth in the petition.

Further, the City of Cleveland did not take an appeal from the court's order of June 15, 1972, approving the final petition.

The relevant portion of the approved petition relating to the appointment of trustees is contained in Section 7 and provides as follows:

"7. .Board of Trustees.

"The governing body of the District shall be called the Board of Trustees.

"(a) The Board of Trustees shall consist of seven persons whose regular term shall be for a period of five years each.

"Two of the members shall be appointed by the Mayor of the City of Cleveland who shall at all times be the Appointing Authority for members of the Board of Trustees allocable to Subdistrict No. 1.

"Two members shall be appointed by a Council of Governments comprised of all municipalities included with Subdistrict No. 2, which Council shall at all times be the Appointing Authority for members of the Board of Trustees allocable to Subdistrict No. 2. The Council of Governments shall be established pursuant to Chapter 167 of the Ohio Revised Code no later than June 26, 1972.

"One member shall be appointed by the Cuyahoga County Board of Commissioners, which member shall be representative of all municipalities within the Three Rivers Watershed District.

"One member shall be designated as a member appointed on the basis of sewage flow. The initial appointment, therefore, shall be made by the Appointing Authority of Subdistrict No. 1 and thereafter such appointment shall be made by the Appointing Authority of the Subdistrict having the greatest sewage flow as determined at the end of each five year term. This member shall not be a municipal employee.

"One member shall be designated as a member appointed upon the basis of population. The initial appointment, therefore, shall be made by the Appointing Authority of Subdistrict No. 1 and thereafter such appointment shall be made by the Appointing Authority of the Subdistrict having the greatest population as determined on the basis of the United States Decennial Census next preceding the end of each five year term. This member shall not be a municipal employee."

On July 17, 1972, Cleveland City Council passed Emergency Ordinance 1139-72 which provides, in part, that:

"Section 1. That the Mayor, the Director of Law and the Director of Public Utilities be and they hereby are authorized to take all steps necessary to comply with the orders of the Cuyahoga County Court of Common Pleas in Case No.

886,594 (Consolidated) and Case No. S.D. 69411 (which orders are on file in the office of the Clerk of Council as File Nos. 1100-72, 1101-72, 1102-72). Appointments to the Board of Trustees of the Cleveland Regional Sewer District made by the Mayor of the City of Cleveland shall be subject to the consent of the Cleveland City Council."

It is noted that, following the enactment of Ordinance 1139-72, the City of Cleveland made no effort to implement the ordinance by filing a petition to amend or modify the petition creating the Cleveland Regional Sewer District. The record indicates that the only amendment to date resulted from the District's petition to amend the operating plan pursuant to R. C. 6119.051, which proposed amendment was approved by the court and the petition and plans so amended.

Since the adoption of Ordinance 1139-72, the various Mayors of the City of Cleveland have submitted their appointments to the Board of Trustees of the Cleveland Regional Sewer District to the Cleveland City Council and these appointments have all been approved. On May 16, 1978, the Mayor of the City of Cleveland submitted the nomination of Louis Corsi to the Cleveland City Council for approval as a member of the Cleveland Regional Sewer District Board. Cleveland City Council rejected this appointment on October 23, 1978.

The Mayor of the City of Cleveland and Louis Corsi then brought the present declaratory judgment action seeking a declaration that Ordinance 1139-72 is invalid and of no force and effect regarding the appointment of Louis Corsi.

The defendants, the City of Cleveland and the Cleveland Regional Sewer District, filed answers in the form of a general denial. The facts which were stipulated to by the parties are substantially the same as those indicated above.

In its judgment entry filed on November 30, 1978, the trial court held that the Mayor of Cleveland, by virtue of the decree of the court in Case No. 886,594 consolidated, and Case No. S.D. 69411, has and possesses the sole power and authority of appointing trustees to the Cleveland Regional Sewer District without limitation by any ordinances of the City of Cleveland, thereby declaring Ordinance 1139-72 null and void. The court further held that Louis V. Corsi was the duly appointed trustee on May 16, 1978, and was and is entitled to act as said

trustee and to receive compensation therefor from the date of his appointment.

In addition, the trial court filed a memorandum of opinion in which it noted that prior appointments by mayors had been submitted to council for action and had received the approval of City Council, and that the current mayor had decided to make an issue as to whether the appointment by the mayor of a person as trustee is valid where it has been disapproved by the council.

The court noted that the creation of the Cleveland Regional Sewer District was in accordance with the provisions of R. C. Chapter 6119 which require the filing of a petition, which, upon being approved and a judgment entered therein, constitutes what may be denominated as a charter of the district. This is subject to change only as provided for in R. C. Chapter 6119. R. C. 6119.02 requires that the manner of selection of trustees, their numbers, terms and compensation be specified in the petition.

The trial court held that the mayor is specifically designated as the sole appointing authority and that his authority is not subject to council approval. Defendant City of Cleveland has taken this appeal from the judgment of the trial court and presents five assignments of error, which are as follows:

"I. The trial court erred in its judgment holding Cleveland City Ordinance 1139-72 invalid and unenforceable for the reason plaintiff-appellees failed to meet their burden of proof in assailing the validity of such ordinance and said judgment was accordingly against the manifest weight of the evidence and contrary to law.

"II. The trial court erred in its judgment holding Cleveland City Ordinance 1139-72 invalid and unenforceable for the reason the court erroneously interpreted Ordinance 1139-72 to be in irreconcilable conflict with the judgment entry of Cuyahoga County Court of Common Pleas Nos. SD 69411 and 886594 (consolidated) entered June 15, 1972 providing for creation of the Cleveland Regional Sewer District.

"III. The trial court erroneously determined the validity of Ordinance 1139-72 based upon the issue of what the trial judge subjectively intended in the language of its judgment entry of June 15, 1972 in case Nos. SD 69411 and 886594 (con-

solidated) and in effect judicially introduced such evidence from *dehors* the record.

"IV. The trial court judgment is error as a matter of law because said judgment enlarges the power to make appointments of the mayor of Cleveland given by the City Cleveland Charter [*sic*] to include the power to make appointments to non-city offices.

"V. The trial court judgment holding Cleveland City Ordinance 1139-72 invalid and unenforceable is error as a matter of law for the reason under the home rule provisions of the Ohio Constitution said ordinance is a proper, valid enactment within the power to exercise all powers of local self-government, Art. 18, §3, Constitution of the State of Ohio, with such power the judiciary may not interfere."

While the appellant has presented five assignments of error, they will be considered together because each is concerned with the issue of whether City Council's enactment of Ordinance 1139-72 in and of itself requires council approval in order to validate the mayor's appointments to the Board of Trustees of the Cleveland Regional Sewer District.

Both at the trial level and in this appeal, the respective parties raised many issues.

Appellees contend that neither the mayor, under Section 70 of the Cleveland City Charter, nor Cleveland City Council, pursuant to Section 3, Article XVIII, of the Ohio Constitution, has authority to appoint members or control the operation of a regional sewer district. Appellees further contend that the trial judge of the Common Pleas Court has the statutory authority to establish and control the operations of a regional sewer district created pursuant to R. C. Chapter 6119; that Section 3, Article XVIII, of the Ohio Constitution, which is the "home rule" provision, applies only to purely municipal functions and is not applicable to a purely non-municipal function such as a regional sewer district created pursuant to R. C. Chapter 6119; that Cleveland City Council is attempting to control the Cleveland Regional Sewer District by the enactment of Ordinance 1139-72, requiring the advice and consent of the Cleveland City Council to the mayor's appointments to the Regional Sewer District; and that there is a conflict between the court's decree establishing the Cleveland Regional Sewer District regarding the method of appointing

Cleveland's representatives and Ordinance 1139-72; and that because of the conflict the Cleveland City Council is attempting to amend or modify the court's decree by ordinance, and thus control the Cleveland Regional Sewer District.

The appellant contends that it is not attempting to control the Cleveland Regional Sewer District by enactment of Ordinance 1139-72, but that pursuant to Section 3, Article XVIII, the home rule provision of the Ohio Constitution, it is entitled to determine the method of appointing Cleveland's representative to the Cleveland Regional Sewer District. It contends that Ordinance 1139-72 is not in conflict with the court's decree, but is complementary to it and implements it by clarifying the method of appointing Cleveland's representatives to the district and that this is not an attempt to control the Regional Sewer District, but only to establish the procedure for appointing Cleveland's representatives. Appellant also contends that Section 3, Article XVIII, the home rule provision of the Ohio Constitution, applies to all matters of purely local concern which would include the appointment of Cleveland's representatives to the Cleveland Regional Sewer District.

While many issues were raised by the parties, the trial court decided this case on the basis that the Cleveland Regional Sewer District is an independent political subdivision created under R. C. Chapter 6119, which provides for the method of amending or modifying the petition and plan provided for in R. C. 6119.02 and 6119.04. In effect, the trial court concluded that the mere enactment of Ordinance 1139-72 could not have the effect of modifying, amending or nullifying its decree, and as a consequence, that the Mayor of the City of Cleveland is the sole appointing authority to the Cleveland Regional Sewer District.

Thus, it was not necessary for the trial court to respond to all of the issues raised by the parties. The sole issue for this court's determination is whether, under the facts and law in this case, the mere enactment of Ordinance 1139-72 may amend, modify, or nullify the court's decree of June 15, 1972, providing for appointments to the Board of Trustees of the Cleveland Regional Sewer District.

In order to make this determination, we again emphasize that the Cleveland Regional Sewer District is an independent

political subdivision created under R. C. Chapter 6119, and that everything related to it is governed by R. C. Chapter 6119. This includes its formation and operation. The cities, counties, townships and the courts are bound by the provisions of R. C. Chapter 6119, and both the formation of the district and its operation must be conducted within the confines of R. C. Chapter 6119.

The trial court correctly noted that the petition approved by the court and filed under R. C. 6119.02 is the charter of the Regional Sewer District. However, like all charters and constitutions, the petition may be amended from time to time according to certain established procedures. The established procedure for amending either the petition or the plan is by filing a petition with the court requesting an amendment or modification of either the petition or the plan. This is the exclusive method for amending or modifying either the petition or the plan. Any other governmental agency, such as a city, county or township, cannot amend or modify any portion of the approved petition or approved plan by enactment of an ordinance or a resolution. A petition must be filed with the court requesting an amendment or modification of either the petition or the plan for the operation of the district.

In the present case, Cleveland City Council enacted Ordinance 1139-72 and took no further action.

Because the enactment of ordinances and resolutions by other political subdivisions such as cities, counties, or townships, is not sufficient in and of itself to amend or modify either the petition or the plan, the enactment of Ordinance 1139-72 is not self-executing under the circumstances of this case. Thus, Ordinance 1139-72 does not have the effect of amending or modifying the petition approved under R. C. 6119.02.

Therefore, based on the facts and the law in the present case, the trial court properly held that Ordinance 1139-72 could not affect the method of appointment of the city's representatives to the Cleveland Regional Sewer District, and that under these circumstances the Mayor of the City of Cleveland is the sole appointing authority and council confirmation or affirmance is not necessary.

To hold otherwise would mean that the enactment of an ordinance by a municipal corporation or a passage of a resolu-

tion by county commissioners or township trustees could amend or modify any of the terms of the approved petition filed under R. C. 6119.02, or the approved plan for the operation of the district under R. C. 6119.04.

Based on the foregoing discussion, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN and KRUPANSKY, JJ., concur.