In re Appeal of JEFFERSON TWP. BD. OF TRUSTEES.

MILLER et al., Appellants,

v.

SMITH et al., Appellees.

[Cite as *In re Appeal of Jefferson Twp. Bd. of Trustees* (1992), 78 Ohio App.3d 493.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–818, 91AP–819.

Decided March 3, 1992.

494

*David E. Northrop,* for appellants Jefferson Water and Sewer District.

*Alfred E. Schrader,* for appellants Stephen A. Miller et al.

*Smith & Hale* and *Harrison W. Smith, Jr.; Ronald J. O'Brien,* City Attorney, and *Daniel W. Drake,* for appellees.

McCORMAC, Judge.

Jefferson Township Trustees and the Board of Trustees of the Jefferson Water and Sewer District, plaintiffs-appellants, appeal from the judgment of the Franklin County Court of Common Pleas affirming the order of the Franklin County Commissioners allowing an annexation of 596.6 acres in Jefferson Township to the city of Columbus.

In late 1990, defendant-appellee Harrison W. Smith, Jr., as agent for the petitioning landowners, filed a petition for annexation with the Franklin County Commissioners. A public hearing was held by the commissioners and both sides presented evidence by the use of affidavits, witnesses and documents. After hearing the evidence, the commissioners granted the petition for annexation.

Appellants then filed both an R.C. 709.07 action for injunctive relief and an R.C. Chapter 2506 appeal with the Franklin County Court of Common Pleas. The common pleas court conducted a *de novo* hearing on the consolidated action and entered judgment for appellees. The common pleas court concluded that neither the sewer district nor the trustees had met their burden of proof under R.C. Chapter 709 and, therefore, dismissed the complaint for injunctive relief. The common pleas court also held that the sewer district did

not have standing to appeal under R.C. Chapter 2506 and that the trustees failed to show that the commissioners' action was not supported by the evidence. Therefore, the common pleas court affirmed the order of the board of commissioners.

Appellants assert the following assignments of error:

"Assignment of Error No. 1

"The trial court erred in failing to remand to the Franklin County Commissioners to allow a hearing with cross-examination; the commissioners erred when they denied the township trustees the right to cross-examine opposing witnesses.

"Assignment of Error No. 2

"The trial court erred in failing to find that land may not be annexed from a regional water and sewer district without approval of the court that created the district.

"Assignment of Error No. 3

"The trial court erred in finding this annexation was not unreasonably large.

"Assignment of Error No. 4

"The trial court erred in ruling that the water & sewer district lacked standing to appeal in an annexation matter."

By their first assignment of error, appellants contend that the trial court erred by failing to remand the matter to the commissioners to allow appellants to cross-examine opposing witnesses. Appellants argue that their Fourteenth Amendment due process rights were violated by the commissioners' failure to permit cross-examination at the administrative hearing.

■ Appellants raise their constitutional arguments for the first time on appeal. Furthermore, appellants were granted a full *de novo* hearing before the common pleas court complete with the right to subpoena and to fully cross-examine any adverse witness who testified at the administrative hearing. However, appellants did not exercise their right to call any witnesses for cross-examination, nor did they attempt to proffer any testimony. By failing to preserve the issue for this court, appellants have waived any right to advance it now.

■ However, even if appellants' constitutional argument is properly before this court, we are unpersuaded by their contentions. Prior to addressing what procedures are mandated by the Fourteenth Amendment, appellants must first show that they possess a property interest cognizable of protection under the Constitution. *Bd. of Regents of State College v. Roth* (1972), 408

U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. Appellants have offered no authority indicating that the annexation would deprive them of some protected property interest. Appellants are political entities created by statute and do not hold title to the lands annexed. They have only the statutorily created right to exercise specified political authority over the area at issue. Furthermore, R.C. Chapter 2506 does permit a *de novo* hearing when the interest at stake rises above the threshold level.

Appellants have cited two cases in support of their argument, neither of which is applicable to this action. In *McClain v. Bd. of Commrs. of Trumbull Cty.* (Dec. 31, 1976), Trumbull App. No. 2405, unreported, appellants were not permitted to cross-examine witnesses at the administrative or the common pleas court levels. The court found error in this procedure and remanded the action to allow cross-examination. In the present case, appellants were permitted to cross-examine at the common pleas court level, a right that was not exercised. Appellants also cite *In re Annexation of the Territory of Riveredge Twp. to Fairview Park* (1988), 46 Ohio App.3d 29, 545 N.E.2d 1287. *Riveredge* is similar to *McClain* in that neither the commissioners nor the common pleas court permitted cross-examination. The court again found the common pleas court's failure to be error but also expressly stated that there was no right of cross-examination at the commissioners' level. The *Riveredge* court reasoned that R.C. Chapter 709 makes no provision for cross-examination, whereas R.C. Chapter 2506 does and held:

"R.C. 2506.03 set[s] forth the appellant's only avenue for the cross-examination of the affiants in this case. Hence, the appellant had no right to cross-examine those persons until it brought its R.C. Chapter 2506 appeal. * * *" *Id.* at 38, 545 N.E.2d at 1297.

We conclude that the trial court did not err by failing to remand the action to the commissioners. Appellants were permitted to cross-examine witnesses at the common pleas court hearing but failed to do so.

Appellants' first assignment of error is overruled.

■ Appellants next argue that land may not be annexed from a sewer and water district until the court that originally created the district has given its approval. Pursuant to R.C. Chapter 6119, a political subdivision may create a district by filing an organizational plan with the proper court of common pleas. R.C. 6119.02. R.C. 6119.03 then vests original and exclusive jurisdiction in the common pleas court over matters pertaining to the organization of the district. After the creation of the district, changes in the district's purposes or amendments to the original plan must be made by petitioning the court which approved the original plan. R.C. 6119.051. Appellants argue that annexation amounts to an amendment to the original plan and, therefore, can

only be done after the court which originally approved the plan has given its assent.

In support, appellants cite *Kucinich v. Cleveland Regional Sewer Dist.* (1979), 64 Ohio App.2d 6, 18 O.O.3d 4, 410 N.E.2d 795. *Kucinich* is readily distinguishable from the instant case. In *Kucinich,* the Cleveland City Council attempted, by resolution, to change the way members were appointed to the board of directors of the sewer district. The court held the resolution to be unlawful, since it constituted a change in the district plan without the consent of the creating court.

The present case does not involve a change in the district's organizational plan but, rather, a change in the territory which the district is authorized to serve. There is nothing in the code which makes the district the exclusive water and sewer provider for the township, nor can residents be compelled to accept services from the district. Furthermore, the record shows that the district has no water or sewer lines presently in place or planned for the area in question, whereas Columbus has improvements in place or under construction.

There has been no change in the organizational plan of the water and sewer district, as that term is contemplated in R.C. Chapter 6119. A distinction must be drawn between the organizational plan of the district, which must be approved by a court of common pleas, and specific plans necessary to implement the broader creating plan. Appellants' organizational plan has not been amended by the annexation and no specific implementing plan is presently in place that will be compromised by the annexation.

Appellants' second assignment of error is overruled.

Appellants' third assignment of error argues that the 596.6–acre area to be annexed is unreasonably large and, therefore, that its annexation violates R.C. 709.033(D).

In paragraph one of the syllabus of *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 14 OBR 259, 470 N.E.2d 486, the Summit County Court of Appeals set forth the test to be used when determining if an area is unreasonably large:

"The determination whether a territory is 'unreasonably large' for annexation purposes, pursuant to R.C. 709.033(D), requires a three-pronged analysis:

"a. The geographic character, shape and size of the territory to be annexed in relation to the territory to which it will be annexed, and in relation to the territory remaining after the annexation is completed;

"b. The ability of the annexing city to provide the necessary municipal services to the added territory; and

"c. The effect on remaining township territory if annexation is permitted."

In the present case, the area sought to be annexed represents approximately five percent of the total acreage of Jefferson Township. Although size alone is not conclusive, this percentage of area does not appear to be unreasonably large based on other cases dealing with the same issue. See *In re Annexation of Acres in Jefferson Twp.* (Oct. 16, 1990), Montgomery App. No. 11896, unreported, 1990 WL 157503 (seven to ten percent not unreasonably large); *In re Annexation of Territory in Olmsted Twp.* (1984), 14 Ohio App.3d 260, 14 OBR 289, 470 N.E.2d 912 (three percent not unreasonably large). The land at issue is presently undeveloped and appellants have no plan in place to encourage development, nor have sewer and water services been extended into the area to facilitate the development. Appellants have failed to show that the area is "disproportionately important" to the township. *Id.* at 263, 14 OBR at 293, 470 N.E.2d at 915. Appellants have not shown that the geographic size of the annexed territory is unreasonably large compared to the remaining territory in the township.

Appellants also point out that two small islands of township territory will be created by the annexation. While islands are generally discouraged, their existence alone will not defeat a petition for annexation so long as the decision to create them was not unreasonable, illogical or arbitrary. *Dabkowski v. Baumann* (1963), 175 Ohio St. 89, 23 O.O.2d 386, 191 N.E.2d 809; and *Smith v. Shelley* (1967), 10 Ohio App.2d 70, 39 O.O.2d 135, 226 N.E.2d 767. Appellants presented no evidence regarding the islands and, therefore, we have no basis to conclude that they were arbitrarily created.

Conflicting testimony was elicited regarding the level of services that could be provided. Appellants contend that Columbus could not respond to police, fire and medical services as quickly as the township could. Appellees' evidence was to the contrary. Similar conflicting testimony was presented regarding other services. Based on the nature of the evidence, we cannot say that the trial court abused its discretion in affirming the finding of the commissioners.

Lastly, the affect on remaining township territory should be considered. However, the best interest of the annexed territory, not the affect on the remaining lands, should be of paramount import unless the annexation would be debilitating to the township as it would remain after the annexation. *In re Annexation of 118.7 Acres in Miami Twp.* (1990), 52 Ohio St.3d 124, 556 N.E.2d 1140. The land in question is undeveloped farmland and the record

suggests it will stay so in the future unless the annexation occurs. In fact, a contract for the sale of the property to a large corporation is contingent on approval of the annexation. Appellants have failed to show that the remaining township territory will be damaged to the degree necessary to deny the annexation based on this factor.

Appellants' third assignment of error is overruled.

Appellants' final assignment of error advances the proposition that the trial court erred by concluding that the Jefferson Water and Sewer District lacks standing under R.C. Chapter 2506 to directly appeal the decision of the Franklin County Commissioners. However, the trial court did conclude that the sewer and water district was a proper party to an R.C. 709.01 injunction proceeding.

R.C. 2506.01 provides, in part:

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *."

The Supreme Court has interpreted this provision in the context of an annexation proceeding and held that:

" * * * In addition, R.C. 307.56 provides an appeal to the court of common pleas, under R.C. Chapter 2506, for those persons aggrieved by a decision of the county commissioners. However, R.C. 2506.01 expressly limits the availability of appeal to those whose rights, duties, privileges, benefits or legal relationships have been determined by the decision. * * *" *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St.3d 141, 144, 5 OBR 273, 275, 449 N.E.2d 771, 774.

In *Bass Lake*, the Supreme Court held that property owners are persons aggrieved by a commissioner's annexation decision but the township trustees are not and, therefore, lack standing under R.C. 2506.01. Following *Bass Lake*, the legislature amended R.C. 505.62 to grant standing to township trustees if they were represented at the annexation hearing. This provision has been interpreted to grant standing to trustees even though they are not persons aggrieved. *Bd. of Trustees of Perry Twp. v. Cicchinelli* (1986), 35 Ohio App.3d 173, 520 N.E.2d 235. No corresponding amendments were made to R.C. Chapter 6119, thereby conditioning the sewer and water district's standing on a showing that it is a person aggrieved.

 Since the district is not a property owner within the annexed territory, it must show some other concrete adverse impact on its legal rights or obligations to have standing. Appellants cite *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, in support of their contention that the

annexation will adversely affect existing legal rights. In *McGee*, the city of Middletown would have been forced to pay a $25 fee every time it became contractually obligated to service or maintain water mains within the annexed territory. The Supreme Court held that this was sufficient interference with the city's existing legal interest to permit an injunction against the annexation.

The record herein contains no substantial evidence of interference like that presented in *McGee*. Appellants contend that, because the annexation creates islands, they will be forced to pay fees and obtain permits from Columbus when they construct water or sewer lines to service the isolated areas. No evidence was introduced to prove the existence of the fees or what financial burden would be rendered upon them. Furthermore, the district has no current plans to service the area in question, whereas Columbus has existing services or extensions presently under construction that could service even the islands left in the township if it became necessary.

Given the lack of evidence supporting the contentions of interference and the totally speculative nature of what that interference might be, the common pleas court did not abuse its discretion in determining that the sewer and water district lacks standing under R.C. 2506.01.

Appellants' fourth assignments of error is overruled.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and TYACK, JJ., concur.