Plaintiff-appellant, Wreford Myers, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Trustees of the Southwest Regional Water District ("SRW District"). We affirm.
On May 4, 1992, the Board of County Commissioners of Butler County filed a petition in the trial court seeking to create a regional water district pursuant to R.C. Chapter 6119. By judgment entry dated June 25, 1992, the trial court declared the SRW District "to be finally and completely organized * * * effective September 1, 1992." On October 13, 1994, the county commissioners requested that Madison Township be released from the Butler County Water District for service by the SRW District. The county commissioners then petitioned the board of trustees of the SRW District to have Madison Township added to the SRW District. On October 25, 1994, the SRW District passed Resolution No. 886-1994, accepting Madison Township into its district pursuant to R.C. 6119.05.
In October 1994, the SRW District circulated petitions in Madison Township to test the interest in public water service being provided by the district to the unserved areas of the township. By November 1994, the SRW District had gathered several petitions demonstrating support and interest in having the SRW District provide and improve water service to Madison Township. The SRW District then developed and proposed a public water supply improvement project. The cost of the project was estimated at about $6 million, with approximately $1.5 million to be paid by the SRW District and $4.5 million to be paid from special assessments against owners with properties fronting new water lines.[1]
On June 7, 1995, the SRW District held a meeting to discuss the estimated costs and assessments of the project. Following that meeting, approximately four hundred eighty-five property owners made written objections to the initial project. As a result of these objections, the SRW District redefined the project to delete the roads where a majority of property owners had objected to the original proposal. Because the SRW District had not received objections from a majority of property owners on Elk Creek Road, appellant's street, Elk Creek Road was retained in the project. On November 22, 1995 and April 9, 1996, the SRW District held two more meetings to discuss the water supply improvement project.[2] During and after the meetings, property owners voiced their support and objections. On April 9, 1996, the SRW District unanimously adopted Resolution No. 978-1996 "Declaring the Necessity of Constructing Improvements in the Madison Township Water Improvement Area."
The notice of the adoption of Resolution No. 978-1996 notified property owners they had thirty days to file claims for damages and objections to the tentative assessments. While no claims for damages were filed, numerous property owners filed objections. The SRW District appointed an Assessment Equalization Board ("AEB") to consider the objections. The AEB recommended certain adjustments, which the SRW District unanimously accepted. On January 28, 1997, the SRW District unanimously adopted Resolution No. 1011-1997 declaring the SRW District's intention to proceed with the water improvements.
Appellant is a landowner in Madison Township whose property is subject to the special assessments. Appellant went to all the meetings held by the SRW District and thus knew about the water supply improvement project. While appellant voiced his objections during the meetings, it is not clear whether he filed written objections. Appellant testified his wife wrote three letters to the board of trustees of the SRW District. Appellant, however, did not specify the content of these letters.
On January 26, 1998, appellant filed a complaint alleging that the SRW District was formed illegally and violated his constitutional rights. Appellant asked the trial court to grant judgment in his favor, a temporary and permanent injunction against the SRW District to prevent the water supply improvement project from going forward, and to prevent assessments from being made against him. In May and June 1998, the parties filed summary judgment motions. By entry filed June 18, 1998, the trial court awarded summary judgment in favor of the SRW District and dismissed appellant's complaint. This appeal followed in which appellant raises five assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN CHAPTER 6119 OF THE OHIO REVISED CODE IS VIOLATIVE OF PLAINTIFF'S RIGHT UNDER ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Under this assignment of error, appellant argues that R.C.6119.05, which permits a territory to be added to a water district, violates his constitutional right to due process[3]
because it does not provide notice to property owners when their township will be added to a water and sewer district.[4]
Appellant contends that unlike a property owner at the time of the creation of a water district, a property owner living in the territory to be added has no right (1) to notice, (2) to be heard on the merits of the addition, and (3) to appeal the addition. Appellant also contends that only lower courts "have original and exclusive jurisdiction to add territory to an existing district" and cites Kucinich v. Cleveland RegionalSewer Dist. (1979), 64 Ohio App.2d 6 in support of his contention.
We find that Kucinich does not apply to the case at bar.Kucinich did not involve the addition of a territory to a water district, but rather dealt solely with the issue of whether the enactment of a city ordinance could amend, modify, or nullify the trial court's decree which created the district and provided for appointments to the board of trustees of the district. The Eighth Appellate District held that where the court order creating the district provided that certain trustees would be appointed by the city mayor, the court order provided the exclusive means of controlling the appointments.Id. at 16-17. More importantly, the court also held that a water district created under R.C. Chapter 6119 was governed by R.C. Chapter 6119, which included its formation and operation.Id. at 16.
The addition of a township to an existing water district is governed by R.C. 6119.05 which provides in relevant part that:
 At any time after the creation of a regional water and sewer district, any county, township, or municipal corporation whose territory is not wholly included within such district may file an application with such district setting forth a general description of the territory it desires to have included within such district, the necessity for the inclusion of such territory within the district, that it will be conducive to the public health, safety, convenience, or welfare, and that it will be practical and feasible for such territory to be included within the district. If said application is approved by a majority of the board of trustees
of said district, the territory described in said application shall thereupon become part of such district. If such application fails to receive the approval of a majority of the board within sixty days after the filing of said application with said district, the county, township, or municipal corporation filing such application may file a petition in the court of common pleas requesting the order of such court upon the board directing the board to include the territory * * *. (Emphasis added.)
In the case at bar, the board of trustees of the SRW District unanimously approved the inclusion of Madison Township into the SRW District by Resolution No. 886-1994. As a result, pursuant to R.C. 6119.05, there was no need to petition or involve the trial court.
We now turn to appellant's due process claim. To support his due process claim, appellant must prove that at a minimum he suffered a deprivation of his property without notice or an opportunity to be heard. McCann v. Happ (Nov. 20, 1991), Medina App. No. 1997, unreported, citing Mullane v. Central HanoverBank Trust Co. (1950), 339 U.S. 306, 313, 70 S.Ct. 652, 657. Appellant claims that R.C. 6119.05 violates his due process right because he was not notified that the township in which he lived was being added to the SRW District. We disagree.
We note at the outset that this court has not found, nor has appellant set forth, any statutory or constitutional provision that would require that appellant be notified before the Butler County Commissioners petitioned the SRW District to include Madison Township or before the SRW District voted on accepting Madison Township into the SRW District.
R.C. 6119.05 provides qualified electors who reside in an area proposed to be included in a water district the option to file a petition of remonstrance against such inclusion as follows:
 Such inclusion shall become legally effective unless prior to the ninetieth day following the approval of the board, * * * qualified electors
residing in the area proposed to be included in such district equal in number to a majority of the qualified electors voting at the last general election in such area file with the secretary of the board of trustees of the district in which inclusion is proposed a petition of remonstrance against such inclusion. (Emphasis added.)
While R.C. 6119.05 does not specify how qualified electors would be notified of the board of trustees' approval of the inclusion, the SRW District's Resolution No. 886-1994 approving the addition of Madison Township into the SRW District clearly states that "* * * all formal actions of this board of trustees * * * relating to the adoption of this resolution were adopted in an open meeting of this board * * *; and that all deliberations of this board of trustees * * * were in meetings open to the public, in compliance with all legal requirements, including [R.C.] 121.22." R.C. 121.22 states in pertinent part that:
 (C) All meetings of any public body are declared to be public meetings open to the public at all times.
* * *
 (F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.
Appellant does not argue that the board of trustees of the SRW District did not establish a reasonable method whereby any person may determine the time and place of the board of trustees' regular meetings. In light of R.C. 121.22(F) and the Resolution's language that all formal actions and deliberations of the board of trustees of the SRW District concerning the addition of Madison Township into the SRW District were in meetings open to the public in compliance with R.C. 121.22, we find we can fairly assume that notice regarding the board of trustees' meetings was available, if not given.
Pursuant to R.C. 6119.05, appellant then had ninety days following the board of trustees' approval of the inclusion of the township into the district to file a petition of remonstrance. The language of R.C. 6119.05 unequivocally and clearly reads that the board of trustees' approval of the inclusion will not take effect if a majority of the qualified electors file a written remonstrance with the secretary of the board of trustees. Thus, a petition of remonstrance when duly filed makes ineffectual the action of the board of trustees. See Cty. Bd. of Edn. of Putnam Cty. v. Bd. of Edn. of HartsburgRural Special School Dist. of Putnam Cty. (1925), 112 Ohio St. 108. In the case at bar, neither appellant nor any one else availed himself of this remedy. We therefore find that, contrary to appellant's assertion, appellant had the opportunity to be heard by filing such remonstrance but chose not to do so.
We further find that, contrary to appellant's assertion, appellant also had the option of appealing the addition of the township into the district to the trial court. Indeed, appellant could have availed himself of R.C. Chapter 2506, seeMacko v. W. Res. Water Dist. (Dec. 9, 1998), Medina App. No. 2774-M, unreported, but did not do so. In light of all of the foregoing, we hold that R.C. 6119.05 did not violate appellant's due process right. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN DEFENDANT DISTRICT'S RULES AND REGULATIONS DISENFRANCHISED RESIDENTS IN MADISON TOWNSHIP, BUTLER COUNTY, OHIO BY PREVENTING THEM FROM VOTING FOR TRUSTEES WHO GOVERN THE DISTRICT, AND BY DENYING THEM THE RIGHT TO INITIATIVE AND REFERENDUM.
While the heading of this assignment of error is as precedes, under the assignment, appellant solely argues that R.C. Chapter 6119 and the SRW District's rules and regulations violate his due process and equal protection rights because they prevent him from voting for the board of trustees which governs the SRW District. We disagree.
As already noted, to support his due process claim, appellant must prove that at a minimum he suffered a deprivation of his property without notice or an opportunity to be heard.McCann, Medina App. No. 1997, unreported. Due process requires that every interested party be afforded a reasonable opportunity to be heard after a reasonable notice of hearing.Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg
(1993), 90 Ohio App.3d 436, 443. R.C. 6119.04(A) provides for notice to all affected residents before a water district iscreated, at which time all affected parties may file objections. Upon judicial acceptance of the district, a board of trustees is elected. R.C. 6119.04(B)(1). Because Madison Township was not originally part of the SRW District, appellant did not have then a personal stake in the creation of the SRW District or in the election of the board of trustees. It is well-established that standing requires one to have a "personal stake in the outcome of the controversy." Middletown v.Ferguson (1986), 25 Ohio St.3d 71, 75, citing Sierra Club v.Morton (1972), 405 U.S. 727, 731-32, 92 S.Ct. 1361, 1364. As a result, appellant does not have standing to challenge the election of the original board of trustees of the SRW District as a violation of his due process right.
By contrast, once Madison Township was added to the SRW District, appellant had an interest in the operation of the SRW District. Arguably, however, appellant did not become entitled to vote for the successor trustees as a "water user," as set forth in the SRW District's rules and regulations, until after the water supply improvement project was approved. This, however, does not violate appellant's due process right inasmuch as appellant was afforded an opportunity to be heard.
The record clearly shows that appellant went to all the meetings held by the SRW District regarding the water supply improvement project. The meetings were held specifically to discuss the estimated costs and assessments of the project. All affected property owners were given the opportunity to voice their objections during the meetings and to file written objections following the meetings. R.C. 6119.48 provides that "[a]n owner who fails so to file such an objection [is] deemed to have waived any objection to his assessment." While appellant voiced his objections during the meetings, it is not clear whether he filed written objections. Although appellant's wife sent three letters to the board of trustees of the SRW District, appellant does not contend that the letters constituted written objections under R.C. 6119.48. In any event, due process only requires an opportunity to be heard. Appellant was clearly given such opportunity. We therefore find that appellant's inability to vote for the board of trustees as a "water user" until after the board's approval of the water supply improvement project did not violate his due process right.
With regard to his equal protection argument, we note that appellant has not articulated the basis of that argument. The only statement in his brief that supports an equal protection claim is that "[t]he residents may not contest the basis of the assessment, only whether it is fair compared to other assessments in the project area." It appears that appellant may be arguing that while he was assessed a different amount than other property owners and given the opportunity to contest the amount, his equal protection rights were violated because he could not contest the basis of the assessment.
The guarantee of equal protection of the laws means that "no person or class of persons shall be denied the same protection of the law which is enjoyed by other persons or other classes in the same place and under like circumstances." State v.Gledhill (1984), 13 Ohio App.3d 372, 373. However, the Equal Protection Clause does not prohibit the state from ever distinguishing between citizens; rather, it requires that such distinctions not be arbitrary or invidious. Cahill v. Lewisburg
(1992), 79 Ohio App.3d 109, 116, citing Avery v. Midland Co.Texas (1968), 390 U.S. 474, 484, 88 S.Ct. 1114, 1120.
A classification which involves neither a fundamental right nor a suspect classification will be upheld if its purpose is rationally related to a legitimate governmental purpose.Am. Assn. of Univ. Professors v. Central State Univ. (1998),83 Ohio St.3d 229, 234. Appellant has failed to demonstrate that the SRW District's special assessment was not rationally related to a legitimate purpose. In fact, we find that the record reflects that the SRW District's purpose in imposing the special assessment was to implement a public water supply improvement project. The goal of the project was to provide and improve the water service to Madison Township residents. We hold this to be a legitimate purpose and find that the special assessment was rationally related to achieving the SRW District's goal.
We therefore find that appellant's due process and equal protection rights were not violated. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN CHAPTER 6119 OF THE OHIO REVISED CODE DENIES PLAINTIFF HIS RIGHT TO INITIATIVE AND REFERENDUM UNDER THE CONSTITUTION OF THE STATE OF OHIO.
Under this assignment of error, appellant argues that since neither R.C. Chapter 6119 nor the rules and regulations of the SRW District provide the right for initiative or referendum, his constitutional rights were violated. We disagree.
Article II, Section 1 of the Ohio Constitution grants to the people of Ohio specific rights, including the right of initiative and the right of referendum. Under the right of initiative, the people have the power to propose to the General Assembly amendments to the constitution. Section 1a, ArticleII, Ohio Constitution. Under the right of referendum, the people have the power to approve or reject any law passed by the General Assembly. Section 1c, Article II, Ohio Constitution. Article II, Section if of the Ohio Constitution clearly provides that both "[t]he initiative and referendum powers are * * * reserved to the people of each municipality." However, such constitutional provision is not self-executing.Dubyak v. Kovach (1955), 164 Ohio St. 247, 249. As a result, the initiative and referendum powers of municipalities without charter provisions for the exercise of such power is only such as is provided for by the General Assembly. Id. at 250.[5]
A thorough examination of the Ohio Constitution and the Ohio Revised Code clearly shows that with the exception of the right of remonstrance set forth in R.C. 6119.05, neither the constitution nor the revised code provide a right of initiative and/or a right of referendum to water districts. Appellant has not cited nor have we found any case law or authority bestowing the rights of referendum and initiative upon electors in a water district. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN THERE IS NO EVIDENCE ON THE RECORD THAT THERE IS ANY NECESSITY FOR THE FORMATION OF THE DISTRICT, FOR THE ADDITION FOR MADISON TOWNSHIP TO THE DISTRICT, OR FOR THE CONSTRUCTION OF THE PROJECT IN QUESTION.
Under this assignment of error, appellant argues that R.C. Chapter 6119 mandates a finding of necessity before (1) a water district is created, (2) a territory is added to a district, and (3) a water system is implemented. Appellant contends that since the record is void of any evidence of necessity, the trial court erred in granting summary judgment in favor of appellee. We disagree.
A thorough review of R.C. Chapter 6119 shows that while it requires a trial court to make a finding of necessity before a water district is created, R.C. 6119.04(C), no such finding is required with regard to either the addition of a territory to a water district or the implementation of a water system. As already stated, Madison Township was not part of the SRW District when the latter was created. Thus, appellant has no standing to challenge the trial court's June 25, 1992 finding of necessity underlying the creation of the SRW District.
With regard to the addition of a township to a water district, while the application of the township desiring to be included must set forth, inter alia, "the necessity for the inclusion of such territory within the district," the board of trustees of the district is not statutorily required to make a finding of necessity before it approves the application. R.C.6119.05. A review of the SRW District's Resolution No. 886-1994 approving the Butler County Commissioners' application to add Madison Township to the SRW District shows that the SRW District's approval of the application fully complies with R.C.6119.05.
With regard to the implementation of a water system, no finding of necessity is required to be made by the board of trustees of a district with regard to the board's resolution to proceed with improvements, R.C. 6119.26, special assessments, R.C. 6119.42, or the board's resolution of intent to proceed with improvements, R.C. 6119.51. Only "[w]hen it is considered necessary to construct a water resource project to be paid for in whole or in part by special assessments[,] * * * [may] the board declare the necessity of constructing such project by the passage of a resolution." R.C. 6119.46. In addition, when R.C. Chapter 6119 refers to a finding of necessity, all it requires is either a finding or a declaration of necessity. The statute does not specify the level of proof or what kind of evidence is needed to make such a finding.
In the case at bar, the SRW District's Resolution No. 978-1996 stated that the water supply improvement project would be financed in whole or in part by special assessments and declared the necessity of constructing the project. Such resolution fully complies with R.C. 6119.46. The SRW District's Resolution No. 1011-1997 declaring its intention to proceed with improvements fully complies with R.C. 6119.51 which, as previously noted, does not mandate a finding of necessity. Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE NO GENUINE ISSUES AS TO ANY MATERIAL FACTS AND PLAINTIFF WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Under this assignment of error, appellant solely reiterates that R.C. Chapter 6119 and the rules and regulations of the SRW District "combine to deprive [him] of his right to due process and equal protection, his right to vote for those who govern him, his right to be heard in Court, and his right to initiative and referendum." Appellant's contentions have already been considered and rejected under appellant's first four assignments of error. We therefore incorporate our treatment of those arguments under this assignment of error and need not readdress each one separately. Appellant's fifth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] The cost of these assessments was estimated to be in the $4,000 to $6,000 range per property owner.
[2] All affected property owners were notified prior to all three meetings via regular and certified mail.
[3] Ohio Constitution, Article I, Section 16 "due course of law" phrase is parallel to the Fourteenth Amendment's phrase of "due process of law". Therefore, we will address appellant's assignment of error under the concept of "due process," which refers to both due process clauses in the Ohio Constitution and the U.S. Constitution.
[4] We note that appellant is not claiming that the SRW District failed to follow the procedures under R.C. 6119.05.
[5] Charter municipalities may adopt their own initiative and referendum provisions. Id. at 250.