OPINION
On September 23, 1998, Christopher J. Goldthorpe, as agent for petitioners, filed a petition seeking the annexation of 64.301 acres in Plain Township to the City of North Canton. The petition was signed by 77 of the 121 landowners in the area seeking to be annexed. After withdrawals and adjustments due to changes in ownership, 70 signatures remained on the petition. On December 8, 1998, the Stark County Commissioners held a hearing on the annexation petition. Numerous parties testified both in favor of and in opposition to the proposed annexation. Numerous affidavits were submitted on behalf of residents of an adjacent neighborhood known as the "Dells", indicating that had the "Dells" been included in the proposed annexation territory, they would not have signed the petition. On March 4, 1999, the Commissioners passed a resolution denying the annexation, finding that the good of the territory sought to be annexed would not be served if the petition was granted. During discussion on the resolution, two of the Commissioners expressed concern that the "Dells" would become an island of Plain Township located in the City of North Canton. The petitioners filed a notice of appeal to the Stark County Common Pleas Court pursuant to R.C. 2506.01. The court found that the decision of the Commissioners concerning the general good of the territory to be annexed was not supported by substantial, reliable, and probative evidence. The court found that the evidence established that the City of North Canton is able to provide the necessary services to the residents of the proposed area. The court concluded that the Commissioners improperly compared the level of fire, police, and emergency medical services. The court further found that the creation of an island and exclusion of the "Dells" area was not unreasonable, and the Commissioners should not have considered the effect on the "Dells" in considering the general good of the territory to be annexed. Accordingly, the court reversed the decision of the Commissioners, and ordered that the area be annexed to the City of North Canton. Appellant Plain Township Board of Trustees assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY SUPPLANTING THE FACTUAL FINDINGS AND DECISION OF THE COUNTY COMMISSIONERS WITH ITS OWN FACTUAL FINDINGS AND DECISION.
The Board of County Commissioners should allow an annexation petition if it finds that the territory included in the petition is not unreasonably large, the map or plat is accurate, and the general good of the territory sought to be annexed would be served if the petition is granted. R.C. 709.03.3(E). The scope of review of appeals from the decision of the Board of Commissioners is set forth in R.C. 2506.04: The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505, of the Revised Code.
Appellant argues that the court erred in failing to apply the Commissioners' factual findings concerning an island to the issue of whether the area is unreasonably large. Appellant also argues that the court erred in failing to find that the area to be annexed was unreasonably large, based on the creation of an island. Appellees argue that because appellant failed to file a cross-appeal on the issue of whether the Commissioners erred in failing to find that the area was unreasonably large, appellant is barred from arguing this issue on appeal to this court. Because the Court of Common Pleas discussed the issue of islands in its judgment, we will consider the issue on the merits. See In Re: The Annexation of 9.62 Acres of Land in Jackson Township into the City of Massillon (February 22, 2000), Stark App. No. 1999CA00250, unreported. In the appeal to the Court of Common Pleas, appellant argued that the result of the annexation was to create an island. Appellant contended that water could not be supplied to this island by Plain Township without easements across land within the City of North Canton, and the evidence from the hearing before the Commissioners established such easements would not be forthcoming. Appellant further argued to the court that were these residents to be considered, there would not be the requisite number of signatures in support of the petition. The Ohio Revised Code does not specifically delineate the creation of islands as an impediment to annexation. While islands are generally discouraged, their existence alone will not defeat a petition for annexation as long as the decision to create them was not unreasonable, illogical, or arbitrary. Jefferson Township Board of Trustees v. Smith (1992), 78 Ohio App.3d 493, 499. The creation of an island is not unreasonable, illogical, or arbitrary where the creation existed in order to exclude property owners who did not wish to be included in the annexation. Findelman v. Franklin Township Trustees (December 12, 1994), Warren App. No. CA94-06-051, unreported. Further, it is not unusual to find an island which is densely populated and entirely surrounded by a municipality. Dabkowski v. Baumann (1963), 175 Ohio St. 89, 92. This court has previously found that where an island existed in the area before annexation, the creation of another island by the annexation is not unreasonable. In Re: Annexation of 9.62 Acres in Jackson Township, supra. In the instant case, the record reflects that landowners in the "Dells" did not want to be annexed to the City of North Canton. Creating an island is appropriate to exclude landowners who do not wish to be annexed. Findelman, supra. Further, the record establishes that the area sought to be annexed was essentially functioning as an island, as it was only attached to Plain Township by a 50-foot "neck". Tr. 67. The record reflects that the "Dells" was an island before the instant annexation, as there was no was easy manner of access between the "Dells" and the neighborhood included in the instant annexation petition. Tr. 67. The record reflects the "Dells" is a private neighborhood. Tr. 67. As the record reflects that the "Dells" was essentially an island before the annexation, it was not unreasonable to annex the territory adjoining it, which was itself part of an island prior to annexation. Appellant has raised no challenge to the court's decision that the Commissioners erred in finding that the general good of the area sought to be annexed would be served by annexation. The court properly held that according to law, the good of the territory outside the territory sought to be annexed is not to be considered in the "general good" analysis. Smith v. Granville Township Board of Trustees (1998), 81 Ohio St.3d 608. Further, the court did not err in concluding that the Commissioners improperly denied the petition based on the comparison of the level of emergency services, as all that is required is that an adequate level of services be provided. Id. at 615. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
HOFFMAN, J., and EDWARDS, J., CONCUR.