SMITH ET AL., APPELLEES, *v.* SHELLEY, CLERK, APPELLANT.

[Cite as Smith v. Shelley, 10 Ohio App. 2d 70.]

(No. 8545—Decided April 18, 1967.)

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr. Rankin M. Gibson,* for appellees.

*Mr. Roy E. Metz,* law director, for appellant.

DUFFEY, P. J. This is an appeal from a judgment of the Common Pleas Court of Franklin County permanently enjoining the city of Westerville in Franklin County from accepting certain territory for annexation. The trial court found that the petition for annexation did not contain a majority of the adult freeholders residing on the territory as is required by Section 709.02, Revised Code.

The Franklin County Commissioners approved the annexation to Westerville of 709.938 acres of territory in Blendon Township. The approval was based upon an amended petition filed by adult freeholders residing on the territory. The petition was signed by eight of the nine adult freeholders who resided on tracts of land, which tracts were entirely within the proposed annexation territory.

However, the boundary lines as finally approved by the county commissioners create three "islands," *i. e.,* areas com-

pletely surrounded by annexed territory, but not themselves annexed. These excluded areas were, by virtue of their omission, left under township and county jurisdiction. The three exclusions involve eight tracts of land. Each of these tracts includes 30 feet which is subject to a street easement, i. e., the lot lines run to the center of a street. The annexation boundary is drawn along the right-of-way line of the street easement rather than along the lot line at the middle of the street. Thus, this portion of each of these tracts is included in the annexation territory, while the balance is excluded. There are 14 adult freeholders who reside on these tracts. Their homes are, of course, located on that portion of their tracts which is not within the proposed annexation.

The trial court held that persons residing on a tract, any portion of which is included in a proposed annexation, must be counted in determining the majority required by Section 709.-02, Revised Code. Accordingly, the trial court found that the eight signatures were not sufficient to constitute a majority.

Appellant, city of Westerville, contends that an adult freeholder is not to be counted under Section 709.02, Revised Code, unless the portion of the tract to be annexed includes the house itself, i. e., the residential structure in which that adult freeholder is then residing.

Appellant does not argue that there is any significance in the fact that the portion annexed in this case is a fee interest underlying a street easement. The city assumes, and we agree, that appellees are "freeholders" and residents of their tracts. The issue here would be the same if the portion annexed had been the appellees' entire frontyards or their entire backyards. Indeed, on the city's contention, it is the residential structure itself which must be within the portion being annexed and, therefore, the issue would be the same even if the annexation boundaries had been drawn to include all of the tracts except the portion occupied by the foundations of the houses.

Section 709.02, Revised Code, as pertinent here, provides:

"The inhabitants residing on territory adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto, in the manner provided by Sections 709.03 to 709.11, inclusive, of the Revised Code. Application for such annexation shall be by petition, addressed to the board of coun-

ty commissioners of the county in which the territory is located, signed by a majority of the *adult freeholders residing in such territory*. Such petition shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation, a full description of the territory, and shall be accompanied by an accurate map or plat of the territory sought to be annexed." (Emphasis added.)

The statutory wording appears to contain an inadvertent error. The history of the legislation shows that the critical phrase italicized above should read "adult freeholders residing *on* such territory." See 66 Ohio Laws 264, Section 680, and Section 3548, General Code. Examination of the law as originally enacted also shows that the first sentence of the present statute was enacted as Section 679 and the balance as Section 680. In the original enactment, the wording of the two provisions is consistent in prescribing persons who reside "on" the territory. In enacting the Revised Code, the General Assembly did not intend to change the law, but rather to recodify it. Section 1.24, Revised Code. Accordingly, the word "in" as used in the Revised Code should not, in our opinion, be given any particular significance.

Despite the fact that almost 100 years have expired since the enactment of this statute, we have been unable to find any case authority which interprets the phrase "residing on." The trial court, Judge Harley Meyer, stated "Home owners do not merely live or reside in the dwelling house, especially where there is a house and lot. The residence is usually construed as both." In our opinion, this observation of Judge Meyer is not only common sense, but accords with the apparent purpose of the statute to provide a person having a homestead or residential property with some voice in the annexation of that residential tract.

In so holding, we wish to make it clear that we cast no shadow on the commendable desire of the county commissioners to place the entire street under one jurisdiction. We are concerned only with the question of what persons are entitled to petition and must be counted in arriving at the required majority. In our opinion where any portion of a legally distinct tract or lot is proposed to be annexed under Section 709.02, Revised Code, then any adult freeholder residing on such tract or lot is

entitled to petition and must be counted in determining the majority required by the statute.

Appellees also contend that the injunction here must be affirmed for the additional and independent reason that the county commissioners abused their discretion in determining that this annexation petition was "right." Section 709.03, Revised Code, incorporating the requirements set forth in Section 707.-07 (I), Revised Code. See *State, ex rel. Dickerson,* v. *Rike* (1960), 113 Ohio App. 228. It appears that the controversy between the appellant, city of Westerville, and the appellees cannot be fully resolved without passing on that issue.

Appellees contend that it is not just, right or equitable for the commissioners to create township "islands" such as were created by the peculiar exclusions from the annexed territory. The trial judge agreed that such territory is "irregular, illogical and improperly excluded." However, the court felt that appellees' contention was controlled by the decision of the Supreme Court of Ohio in *Dabkowski* v. *Baumann, Aud.* (1963), 175 Ohio St. 89.

In the present case, the first island created by the exclusion of the proposed annexation is a single tract of land occupied by a single family. According to the scale map attached to the annexation proceedings, this two-acre tract is some 250 feet from any other township territory. The second exclusion consists of three residential lots some 1,500 feet further inside the proposed corporation limits. This area is also about 1,000 feet from the first island and is separated by four lots (about 500 feet) from the third island. The third exclusion consists of four lots of approximately one and one-half acres each. The apparent reason for the exclusion of these eight lots was that the residential owners opposed the annexation.

In *Dabkowski,* the Supreme Court upheld an exclusion which left an island of some 25 or 26 families and other exclusions "with few, if any, residents." The court observed that the Board of County Commissioners has "wide latitude in the exercise of its discretion" and held that "we cannot say that the Board of County Commissioners or the trial court abused its discretion by allowing the annexation."

In passing upon whether a proposed annexation is "right," the board represents the total public interest. It may take into

account all the many factors related to physical growth, public services, and governmental structure in the territory to be annexed, and in the county in general. However, there is nothing in *Dabkowski* which can be interpreted as suggesting that the board can be arbitrary or unreasonable in making exclusions and drawing the boundaries. That case does not suggest that the mere desire of a person or persons not be annexed is a sufficient basis to exclude that person's property from the annexation territory regardless of the consequences that such an exclusion would have upon the ability of that person to receive, and the township and the county to give, the governmental services to which he is legally entitled. In our opinion, the exclusions in this case are arbitrary and unreasonable, and the board abused its discretion in determining that the territory to be annexed was "right."

The judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

DUFFY, J., concurs.

HERBERT, J., dissenting in part. While I concur in the judgment and that portion of the opinion relating to those persons who must be counted in determining the statutory majority required by Section 709.02, Revised Code, I find that I agree with the trial court in its holding that the Board of County Commissioners did not abuse its discretion in approving the annexation petition in this case. Therefore, I must dissent from the language of the majority opinion which concludes that the commissioners' action here was arbitrary and unreasonable and constituted an abuse of discretion.

It is my feeling that the Boards of County Commissioners in this state look to the courts for guidance in solving the complexities of annexation decisions. Since 1963, the unanimous holding of the Supreme Court in the case of *Dabkowski* v. *Baumann, Aud.*, 175 Ohio St. 89, has been relied upon by commissioners in the formulation of their annexation policies. If the import of the language employed in that decision is to be narrowed or broadened, it is my view that it would best be done by the highest court in the state, thereby better preserving the uniformity so vital in this area of the law.