Appellant Michael Miller appeals the decision of the Stark County Court of Common Pleas that affirmed the decision of the Stark County Board of County Commissioners ("Board") that denied appellant's petition to annex 17.958 acres of land in Plain Township into the City of Canton. The following facts give rise to this appeal.
On April 14, 1999, Appellant Miller, as Service Director for the City of Canton, filed an annexation petition with the Commissioners seeking to annex 17.958 acres into the City of Canton from Plain Township. The property at issue is known as the "Progress Street Annexation Area." The sole owner of the property sought to be annexed is Whitacre Engineering Company ("Whitacre"). Todd LePage, Vice-President of Whitacre, signed the annexation petition. Whitacre also owned 6.36 acres of land adjoining the area sought to be annexed. However, the 6.36 acres were not included in the annexation petition because Whitacres' existing business is located on this property and Whitacre did not want its employees to be subject to the City of Canton's income tax.
A statement from Michael Miller accompanied the annexation petition and indicated that one hundred percent of the property owners signed the petition. On June 24, 1999, this matter proceeded to disposition before the Board. Marilyn Hoover, clerk for the Board, verified that the procedural requirements of R.C. 709.031 had been satisfied. Following the presentation of testimony by several witnesses, Commissioners Jackson and Dougherty expressed their concerns about the creation of an island. Thereafter, Commissioner Jackson moved to deny the annexation. Commissioner Dougherty also voted to deny the annexation. Commissioner Watkins voted to allow the annexation. In the resolution denying the petition for annexation, the Board made the following finding of fact:
 1) The good of the territory sought to be annexed will not be served if the petition is granted. It creates an island in the remaining township (See case Smith v. Shelly Ohio App. 1967 10 Ohio App.2d 70, 226 N.E.2d 767, 39 0.0. 2d 135).
Appellant filed an administrative appeal to the Stark County Court of Common Pleas. On November 17, 1999, the trial court filed a judgment entry denying the administrative appeal and affirming the Board's decision, The trial court concluded that the record supported the Board's decision because the island was created to serve the preferences of one landowner. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE COMMON PLEAS COURT ERRED IN THIS ADMINISTRATIVE APPEAL WHEN IT AFFIRMED THE DECISION OF THE BOARD OF STARK COUNTY COMMISSIONERS DENYING THE PROGRESS STREET ANNEXATION. THE DENIAL WAS CONTRARY TO LAW AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE WHERE AN ANNEXATION IS FILED BY A SOLE PROPERTY OWNER AND ALL JURISDICTIONAL REQUIREMENTS HAVE BEEN MET.
 II. THE COMMON PLEAS COURT ERRED IN THIS ADMINISTRATIVE APPEAL WHEN IT FOUND THAT THE TERRITORY TO BE ANNEXED WAS "UNREASONABLY LARGE" UNDER R.C. 709.033(E) WHEN NO SUCH FINDING WAS MADE BY THE BOARD OF STARK COUNTY COMMISSIONERS.
 III. THE COMMON PLEAS COURT ERRED IN THIS ADMINISTRATIVE APPEAL WHEN IT AFFIRMED THE DECISION OF THE BOARD OF STARK COUNTY COMMISSIONERS DENYING THE PROGRESS STREET ANNEXATION. THE DECISION WAS CONTRARY TO LAW AND ARBITRARY, ILLOGICAL AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD WHEN IT FOUND THAT THE GOOD OF THE TERRITORY WOULD NOT BE SERVED BECAUSE IT CREATED AN ISLAND.
 Standard of Review
The scope of our review of appeals from orders of administrative officers and agencies is set forth in R.C.2506.04 as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
It is based on this standard that we address appellant's assignments of error.
 II
We will begin by addressing appellant's Second Assignment of Error. In this assignment of error, appellant contends the trial court erred when it found that the territory to be annexed was "unreasonably large" under R.C. 709.033(E) when no such finding was made by the Board. We disagree.
R.C. 709.033 addresses the scope and nature in allowing an annexation by a board of county commissioners. A board of county commissioners shall allow an annexation petition if it finds "[the territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.033(E). In the case sub judice, the Board denied appellant's petition for annexation finding the good of the territory would not be served if the petition is granted because it creates an island in Plain Township. In affirming the Board's decision, the trial court found the record supported the Board's decision that the creation of an island would be unreasonable.
We conclude the trial court did not err when it addressed the issue of "unreasonably large" even though the Board denied the annexation because it would not serve the good of the territory. At the hearing on appellant's annexation petition, both Commissioners Jackson and Dougherty expressed their concerns that the proposed annexation would create an island. Commissioner Jackson stated that the Board had firmly enforced the prohibition of creating islands. Tr. Hrng. at 17-18. Commissioner Dougherty expressed his belief that the Board had established an unwritten policy that it would not approve an annexation which creates an island. Id. at 18.
This court recently addressed a similar argument in In re Annexation of 9.62 Acres of Land in Jackson Township (Feb. 22, 2000), Stark App. No. 1999CA00250, unreported, at 1, and stated "[the issue of islands created by annexation speaks directly to the unreasonable, illogical or arbitrary nature of the annexation and indirectly bears on the issue of unreasonable size." Clearly, the Board was concerned about the creation of an island in Plain Township and concluded that the good of the territory would not be served because the granting of the annexation petition would create an island. As noted in the above decision, the issue of creating an island directly bears on the issue of unreasonable size. Thus, we conclude the trial court was not limited to addressing the good of the territory and accordingly, did not err when it addressed the issue of unreasonable size as this issue relates to the creation of islands in annexation proceedings.
Appellant's First Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred when it affirmed the Board's decision to deny his petition for annexation on the basis that the good of the territory would not be served because it would create an island. We agree.
In support of this assignment of error, appellant argues the Board impermissibly considered the general good of the township rather than the general good of the territory to be annexed. Based on the language of the resolution adopted by the Board on June 24, 1999, it appears the Board was concerned with the fact that the granting of the annexation petition would create an island in Plain Township. Appellant is correct in stating that it was error for the Board to consider the general good of Plain Township.
R.C. 709.033 specifically requires the board of county commissioners to consider the general good of the territory sought to be annexed, not the general good of the territory remaining in the township. This court recently addressed the "general good" issue in In re Annexation of 9.62 Acres, supra, and held that "[t]he general good issue which is primary to each annexation refers not to the general good of the remaining unannexed territory but to the property sought to be annexed." Id. at 2, citing Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613.
At the hearing before the Board, Assistant Law Director for the City of Canton, Robert Rubin, testified that the City of Canton was ready and able to provide the necessary services to the area sought to be annexed. Tr. Hrng. at 7-11. Mr. Rubin also presented affidavits from Michael Miller, the Canton Public Service Director, James M. Bowe, Sr., Acting Safety Director, Thomas Wyatt, Canton City Chief of Polices and Joseph Concatto, Canton City Fire Chief. These affidavits attest that fire and police services will be provided to the proposed area. Mr. Rubin also presented the affidavit of Kevin Monroe, Canton City Street and Sewer Superintendent, who attested that the city will maintain the streets and sewers in the area proposed for annexation. Finally, Mr. Rubin presented the affidavit of Tracey Mills, Supervisor, Canton Water Pollution Control Center, who attested that the city is capable of handling the sewage necessary for this area.
There is no challenge to the ability of the City of Canton to provide the necessary services to the area sought to be annexed. Based on the above evidence presented at the hearing before the Board, the City of Canton clearly would be able to provide the necessary services. In fact, the only testimony presented in opposition to the annexation came from Jeff Dutton, Plain Township Administrator.
Mr. Dutton's testimony did not raise any concerns about the good of the area sought to be annexed, but instead raised a concern about the island that would be created if the Board granted the annexation petition. Mr. Dutton testified that there is no roadway right of way in the island which causes a problem regarding police and fire service to the island. Id. at 15. Mr. Dutton's testimony goes to the good of the unannexed territory as opposed to the good of the territory sought to be annexed. Thus, this testimony is irrelevant in addressing the good of the territory sought to be annexed.
Having determined the annexation petition should not have been denied on the "good of the territory" issue, we next address the issue concerning the creation of an island. As noted above, this issue indirectly bears on the issue of unreasonable size. The standard test in considering unreasonable size is found in In re Annexation of 1,544.61 Acres in Northampton Twp. (1984), 14 Ohio App.3d 231, 233, quoting from Herrick v. Bd. of County Commrs. (Jan. 23, 1980), Summit App. No. 9425, unreported at 6. In considering the issue of "unreasonable size", the court should consider the following factors:
 (1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area); * * *
 (2) the ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial `largeness' may be considered. * * *)
 (3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.
We will discuss this three-prong test or the effect of size on the unannexed territory in relation to the issue of islands. Neither the Ohio Revised Code nor the Ohio Supreme Court have specifically delineated that the creation of an island is an impediment to annexation. In fact, it has been recognized that "while islands are generally discouraged, their existence alone will not defeat a petition for annexation as long as the decision to create them was not unreasonable, illogical or arbitrary." In re Appeal of Jefferson Twp. Bd. of Trustees (1992), 78 Ohio App.3d 493,499. Further, "[the creation of an island is not unreasonable, illogical, or arbitrary where the creation existed in order to exclude property owners who did not wish to be included in the annexation." In re Annexation of 64.301 Acres in Plain Township to the City of North Canton (March 13, 2000), Stark App. No. 1999CA00324, unreported, at 5, citing Findelman v. Franklin Township Trustees (Dec. 12, 1994), Warren App. No. CA94-06-051, unreported.
Pursuant to the above three-prong test, in determining whether the creation of an island would be unreasonable, illogical or arbitrary, we will first address the factor of geographic area. The property sought to be annexed consists of 17.958 acres. The island that would be created consists of 6.36 acres. As discussed at the hearing before the Board, Whitacre owns the property sought to be annexed as well as the property that would consist of the 6.36 acre island. Whitacre does not want the entire area to be annexed as it wishes to avoid paying income tax to the City of Canton on its existing business contained on the 6.36 acres. However, as to the 17.958 acres, a developer seeking to buy the property from Whitacre prefers that the land be located within the City of Canton.
The second factor to be considered concerns the ability of the annexing city to provide the necessary municipal services to the added territory. We have already discussed this issue and noted that the only testimony opposing annexation came from Plain Township Administrator, Jeff Dutton. Mr. Dutton's testimony addressed concerns not for the property sought to be annexed, but for the island that would be created if the Board granted the annexation petition.
The third prong concerns the effect on remaining township territory if annexation is permitted. Evidence was presented, at the hearing before the Board, that if the Board granted the petition for annexation, the real estate tax loss to Plain Township would be $387.23 annually.
Based on the above analysis, we cannot find the creation of the 6.36 acre island makes appellant's petition unreasonable or arbitrary. Accordingly, we disagree with the trial court's conclusion that the creation of the island would be unreasonable because it would be created to serve the preferences of one landowner. When one hundred percent of the landowners sign the petition for annexation, there is an even greater impetus favoring annexation. SeeSmith, supra, at 615.
Appellant's Third Assignment of Error is sustained. We will not address appellant's First Assignment of Error as we find it moot based on our disposition of appellant's Third Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part and reversed in part.
 ____________________________ Wise, J.
Gwin, P. J., and Edwards, J., concur.