OPINION
{¶ 1} The Marion Township Board of Trustees ("Trustees") appeal a Marion Common Pleas Court decision reversing a Marion County Board of Commissioners ("Commissioners") denial of Appellees', Management Expansion, Inc., Jamie and Patricia Pua, and Texas Ludco, Inc. (collectively "Appellees"), petition requesting annexation of 26.877 acres of land into the city of Marion. On appeal, the Trustees contend that annexation should have been denied because the territory to be annexed was unreasonably large and annexation would not serve the general good of the territory to be annexed. However, a preponderance of the evidence supports findings that the annexed property is merely a fraction of the size of both the township and the city and that arguably creating a residual peninsula of township property surrounded by city property is not unreasonable; therefore, the evidence supports a finding that the land to be annexed is not unreasonably large. Additionally, because one hundred percent of the property owners signed the annexation petition, annexation serves the general good of the property to be annexed. As such, we affirm the decision of the trial court.
 {¶ 2} On October 22, 2001, Appellees, as one hundred percent owners of 26.877 acres located in Marion Township, filed a petition with the Commissioners to have the land annexed into the City of Marion. A hearing on the petition was held on January 8, 2001. After reviewing the evidence, the Commissioners denied the petition, finding that, pursuant to R.C. 709.033(E), annexation would not benefit the general good of the territory sought to be annexed and that the land to be annexed was unreasonably large.
 {¶ 3} Thereafter, Appellees appealed the Commissioners' decision to the Marion County Common Pleas Court. The trial court reversed the Commissioners' decision, finding that the decision was not supported by a preponderance of the evidence. From this decision, the Trustees appeal, asserting two assignments of error for our review. Because the issues raised within each assignment overlap, we will combine our discussion accordingly.
 Assignment of Error I
The trial court's reversal of the Marion County Board of Commissioners' decision on Appellees' annexation petition, as a matter of law, constitutes an abuse of discretion and is contrary to the manifest weight of the evidence.
 Assignment of Error II
The trial court's reversal of the Marion County Board of County Commissioners' decision to deny Appellants' annexation petition is not supported by a preponderance of the evidence.
 {¶ 4} The order affirming or denying an annexation petition may be appealed pursuant to R.C. 2506.01. The scope of review by a court of such administrative order is statutorily defined in R.C. 2506.04, which states:
[t]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided by the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
 {¶ 5} In reviewing an agency's order, the common pleas court must weigh the evidence in the record.[1] The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is more limited in scope.[2] We are required to affirm the common pleas court decision unless we can determine, as a matter of law, that the decision of that court is not supported by a preponderance of reliable, probative, and substantial evidence.[3] Thus, a reviewing court must determine whether the trial court's judgment is against the manifest weight of the evidence.[4] Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.[5]
 {¶ 6} Pursuant to former R.C. 709.033, which is applicable herein, the Commissioners were required to allow annexation upon finding, in pertinent part to this case, that: "[t]he territory included in the annexation petition is not unreasonably large[,] * * * and the general good of the territory sought to be annexed will be served if the annexation petition is granted."[6] The Trustees contend that the trial court erred in finding both that the territory to be annexed is not unreasonably large and that the general good of the territory to be annexed will be served if annexation is granted.
 {¶ 7} In interpreting former R.C. 709.033, the Ohio Supreme Court has stated that annexation is to be encouraged.[7] Furthermore, the spirit and purpose of annexation law is to give weight to the requests of property owners and to the governmental subdivision in which they wish their property to be located.[8] This said, we turn to the principles of law applicable to the issues raised by the Trustees.
 Unreasonably Large {¶ 8} In order to determine whether land to be annexed is unreasonably large, courts consider one or more of at least three factors that may be relevant to the determination, including:
(1) the geographic character, shape, and size of the territory to be annexed in relation to the territory to which it will be annexed and in relation to the territory remaining after the annexation is completed; (2) the ability of the annexing city to provide necessary services to the added territory; [and] (3) the effect on remaining township territory if annexation is permitted, including whether annexation would render the township incapable of supporting itself by depletion of its tax base.[9]
 {¶ 9} The focus of the Trustees' argument centers upon the first and third factors, primarily arguing that annexation of the parcel in question would create a "virtual island," or peninsula, of township property surrounded by the city, thus making it difficult for the residents of the unannexed portion to obtain sanitary sewers should they desire them in the future.
 {¶ 10} As to the first element, the evidence supports the trial court's finding that the physical size of the land to be annexed is insignificant compared to the size of both the city and the township.[10]
The Marion City Mayor testified that the land to be annexed comprised approximately .002876 percent of the city's acreage and .001962 percent of the township's acreage. Additionally, the territory to be annexed is basically rectangular in shape, thus, its physical configuration is not unusual or questionable. While the Trustees maintain that annexation will result in the creation of a "virtual island" of township property, such peninsula shaped land had already been predominantly created by previous annexations of large parcels adjacent to the property sought to be annexed herein.[11] Also, the "peninsula would not be captive to the annexing city, but would be open to the township."[12] We further note that, traditionally, Ohio courts have found that even when completely isolated islands of land are created by annexation, that fact, by itself, is not sufficient to reject an annexation petition so long as the decision to create them is not unreasonable.[13] There is no evidence herein to suggest that the creation of the peninsula is arbitrary or unreasonable. The trustees' contention that the residents residing within the unannexed portion would be precluded from receiving sanitary sewers unless they too were annexed is purely speculative. Thus, we find the trial court's decision concerning the first element to be supported by a preponderance of the evidence.
 {¶ 11} Considering the third element of the unreasonably large test, we note that "in evaluating the effect of annexation on remaining township territory, tax revenue is the factor typically considered."[14]
Courts have explained that:
[i]f the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.[15]
 {¶ 12} In this case, there is no evidence that the loss of tax base is so staggering that it threatens the township's ability to continue functioning as a viable entity. The evidence supports a finding that the territory to be annexed only represents four-thousandths of one percent of the revenue generated by the township. Thus, the Trustees have not established that annexation is so large as to render the remaining township incapable of supporting itself.
 General Good {¶ 13} We now turn to discuss the Trustees' contention that annexation would not serve the general good of the territory to be annexed. In Smith v. Granville Twp. Bd. of Trustees, the Ohio Supreme Court held that a key consideration in annexation is the choice of the property owners.[16] Accordingly, the test for general good of the annexed property is satisfied if one hundred percent of the property owners seek annexation in the annexation petition.[17] In this regard, the Court stressed that in "considering a one hundred percent annexation * * * it is even more important not to do a comparison of services to determine what is for the good of the territory."[18] Thus, unless the party opposing annexation proves that the annexing city cannot provide needed services, then services may not be used to justify the denial of a petition.[19]
 {¶ 14} In this case, one hundred percent of the property owners signed the annexation petition. Additionally, overwhelming evidence supports a finding that the City of Marion can easily provide the necessary services to the annexed property. For these reasons, the trial court correctly determined that annexation would serve the general good of the property to be annexed.
 {¶ 15} Based upon the foregoing, the Trustees first and second assignments of error are hereby overruled.
 {¶ 16} Having found no error prejudicial to Appellants herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and CUPP, J., concur.
[1] Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608,612.
[2] Id. at 613; A.E.R. Ltd. Partnership v. Bd. of Cty. Commrs., Huron App. No. H-01-046, 2002-Ohio-1169.
[3] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
[4] Essman v. Jefferson Twp. Bd. of Trustees (Mar. 23, 1994), Montgomery App. No. 14149, quoting In re Annexation of 1, 544.61 Acres inNorthhampton Twp. (1984), 14 Ohio App.3d 231, 470 N.E.2d 486.
[5] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus.
[6] R.C. 709.033(E).
[7] Smith, 81 Ohio St.3d at 613.
[8] Id. See, also, A.E.R. Ltd. Partnership, supra; Miami Twp. Bd.of Trustees v. Canton (1990), 52 Ohio St.3d 124, 127.
[9] A.E.R. Ltd. Partnership, supra, citing In re Annexation of 1544.61Acres in Northhampton Twp., 14 Ohio App.3d at 233. See, also, In reAnnexation of 343.2255 Acres from Symmes Twp. (1995), 106 Ohio App.3d 512,518-19.
[10] See Golonka v. Bethel Twp. Bd. of Trustees (Dec. 8, 2000), Miami App. No. 2000-CA-33; In re Annexation of 1,265.2969 Acres in JeffersonTwp. to City of Moraine (Oct. 11, 1990), Montgomery App. No. 11896; In reAppeal of Jefferson Twp. Bd. of Trustees (1992), 78 Ohio App.3d 493, 499;In re Annexation of Territory in Olmsted Twp. to City of Olmsted Falls
(1984), 14 Ohio App.3d 260, 263.
[11] Cf. Trissell v. Bethel Twp. Bd of Trustees (Dec. 12, 1997), Miami App. No. 97-CA-35; In re: Annexation of 64.301 Acres in Plain Twp. to theCity of North Canton (Mar. 13, 2000), Stark App. No. 1999CA00324.
[12] Trissell, supra.
[13] See, e.g., Smith v. Shelley (1967), 10 Ohio App.2d 70, 73;Trissell, supra; In re Appeal of Jefferson Twp. Bd. of Trustees,78 Ohio App.3d at 499.
[14] Golonka, supra; In re Petition to Annex (June 26, 2000), Warren App. No. CA99-11-129.
[15] In re Annexation of 1, 544.61 Acres in Northhampton Twp. to City ofAkron, 14 Ohio App.3d at 233; Golonka, supra; A.E.R. Ltd. Partnership,supra; Baycliffs Corp. v. Village of Marblehead (2000),138 Ohio App.3d 719, 732-33; In re Petition to Annex, supra.
[16] Smith, 81 Ohio St.3d at 614.
[17] Id. See, also, Golonka, supra.
[18] Smith, 81 Ohio St.3d at 615.
[19] Id.; Golonka, supra.