VILLAGE OF GLOUSTER, Appellee,

v.

TRIMBLE TOWNSHIP WASTE WATER TREATMENT
DISTRICT et al., Appellants.

[Cite as *Glouster v. Trimble Twp. Waste Water Treatment
Dist.* (1996), 112 Ohio App.3d 392.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1665.

Decided July 5, 1996.

*Frank A. Lavelle,* for appellants.

Stephenson, Judge.

This is an appeal from a judgment entered by the Athens County Common Pleas Court which vacated the appointment of Deborah Swallows to the board of the Trimble Township Waste Water Treatment District. Trimble Township Waste Water Treatment District ("TTWWTD"), village of Jacksonville, and village of Trimble, defendants below and appellants herein, assign the following errors for our review:

"I. Once duly formed and constituted, a regional sewer district board of trustees may provide for resolution of procedural deadlocks in a manner not inconsistent with the original petition and plan approved by the court, when such district was formed, without the need to 'petition for change.'

"II. The court below, to the extent any formal amendment or change to the original 'petition' or 'plan' of the regional sewer district was necessary, had the authority to make such determination in the case *sub judice*, without the need for a separate, subsequent proceeding."

On December 22, 1994, the village of Glouster, plaintiff below and appellee herein, filed a complaint for declaratory judgment and injunctive relief, asking essentially that the appointment of Swallows to the board of TTWWTD be vacated. Six days later TTWWTD filed an answer and a counterclaim for declaratory judgment. The village of Trimble and the village of Jacksonville moved to intervene, indicating that each one agreed with TTWWTD's position. The trial court granted their motions to intervene on February 23, 1995.

On February 28, 1995, the parties filed an agreed stipulation of facts. This stipulation was as follows:

"1. TTWWTD was permanently formed as a distinct political subdivision pursuant to Ohio Rev.Code § 6119.01 *et seq.*, in Athens County Court of Common Pleas Case No. CI 86–7–366, culminating in judgment entries filed on or about August 28, 1986 and October 3, 1986.

"2. The initial petitions filed by the villages of Glouster, Trimble and Jacksonville, as well as Trimble Township Trustees on or about July 17, 1986, as well as the other documents and filings in said cause, set forth in general terms the Organizational Plan for the TTWWTD District.

"3. Such Organizational Plan submitted to the court provides for four (4) year, staggered terms for board members and provides for the appointment of representatives from the villages by the respective mayor of that village, subject to the approval of Village Council, but does not provide for resolution of the situation where Council does not approve such appointment by the Mayor and/or where

the Mayor will not appoint a representative whom Council has indicated it would approve.

"4. On or about May 9, 1988, the TTWWTD Board of Trustees passed Resolution No. 4 (copy attached), later incorporated into its Revised By–Laws [sic], due to the sometimes prolonged extent of time for which vacancies would persist, to provide for the situation when, for whatever reason, an appointing political subdivision could not or would not fill a vacancy to the TTWWTD Board of Trustees.

"5. Said TTWWTD Resolution No. 4 provides that when a vacancy occurs or when a term expires, the appointing political subdivision would have sixty (60) days to fill such vacancy, and then in the absence of such an appointment, the TTWWTD Board of Trustees could fill such vacancy with an individual residing within the subdivision where the vacancy occurred.

"6. The TTWWTD Board of Trustees is of the opinion that it has the authority to prescribe such Resolution and Amendment to its By–Laws [sic], pursuant to the authority granted under, inter alia, Ohio Rev.Code Sec. 6119.06(A), (Y), and (AA), and its inherent authority to be able to conduct its own affairs.

"7. The Village of Jacksonville and the Village of Trimble (both Mayors and Councils) concur with the view taken by TTWWTD.

"8. Glouster Village Council is of the opinion the vacancy can go unfilled beyond 60 days if the Mayor and Council are unable to agree upon an apopoint-ment [sic].

"9. The term of Deborah Swallow, one of the Village of Glouster's representa-tives to the TTWWTD Board of Trustees, expired on October 3, 1994. The Mayor of Glouster asked Glouster Village Council to approve her re-appointment at each of two Council meetings prior to October 3, 1986 [sic], and attempted to do the same at Council meetings subsequent to October 3, 1994. Motions were made but not seconded or not approved, and Glouster Village Council refused to ratify or approve the appointment made by the Mayor of Glouster during the Fall of 1994.

"10. More than sixty (60) days elapsed after October 3, 1994, and the Glouster Village Mayor and Council were unable to resolve their impasse. After expira-tion of such sixty (60) day period, pursuant to its said By–Laws [sic], the TTWTWD [sic] Board of Trustees voted to reappoint Deborah Swallow from the Village of Glouster, as Glouster's representative, due to the Village of Glouster's failure to appoint any individual to said term."

Subsequently, each party filed memoranda on the issue. On April 21, 1995, the trial court held that the appointment of Swallows be vacated. The trial court

reasoned that the board of TTWWTD did not have the power to amend its bylaws to provide for the filling of a vacancy when the procedure and manner of appointing board members were set forth in the petition and organizational plan as previously approved by the trial court. The trial court found that in order to change the method of filling board vacancies, TTWWTD would have to file a petition to amend or modify the original plan. This appeal follows.

In their first assignment of error, the appellants submit that TTWWTD had the power to pass a resolution which allowed it to appoint board members when the mayor and city council could not agree on an appointment, without petitioning for a change to the original plan. R.C. 6119.07 states the following regarding the powers of the board:

"All the capacity of a regional water and sewer district shall be vested in and its authority shall be exercised by a board of trustees which shall manage and conduct the affairs of the district.

"The board shall by its rules and resolutions provide the procedure for its actions, the manner of selection of its president and secretary and other officers of the district, their titles, terms of office, compensation, duties, number and qualifications, and other lawful subject necessary to the operation of the district and the exercise of the powers granted."

R.C. 6119.06(A) states that the district may "[a]dopt bylaws for the regulation of its affairs, the conduct of its business, and notice of its actions." R.C. 6119.06(Y) further provides that the district may "[e]xercise the powers of the district without obtaining the consent of any other political subdivision." Additionally, R.C. 6119.06(AA) gives the district the powers to "[d]o all acts necessary or proper to carry out the powers granted in Chapter 6119. of the Revised Code." Finally, R.C. 6119.051 provides the following regarding petitions for change:

"At any time after the creation of a water and sewer district, the district, after action by its board of trustees, may file a petition in the court of common pleas requesting the order of such court permitting the district to:

" * * *

"(C) Amend any provision of the petition filed pursuant to section 6119.02 of the Revised Code.

"Upon the filing of petition pursuant to this section the court shall set a date for hearing and the clerk of the court shall give notice thereof by publication once each week for four consecutive weeks in a newspaper having a general circulation in each of the counties, in whole or in part, within the district. Any person or any political subdivision residing or lying within an area affected by the operation of the district, on or before the date set for hearing, may file an objection to the granting of the petition. Upon hearing, if it appears the request of the petition is

conducive to the public health, safety, convenience or welfare and will not if granted adversely affect the continued operation of the district, the court shall grant the prayer of the petition. Otherwise it shall dismiss the petition."

The court below based its ruling on the holding in *Kucinich v. Cleveland Regional Sewer Dist.* (1979), 64 Ohio App.2d 6, 410 N.E.2d 795. In that case, the original plan gave the mayor the sole power to appoint board members. The city council then attempted to change the way the board was appointed without petitioning for a change in the original plan. The court in that case held that the city council could not alter the original plan without petitioning for a change.

■ The appellants submit that TTWWTD had the authority to provide for appointments to the board in the event of a deadlock between the mayor and the city council. The statutes do give the district the power to pass bylaws and resolutions to provide the procedures for its own actions and to conduct its own business and affairs. We have no doubt that a prolonged vacancy on TTWWTD's board has a sizeable effect on the district's ability to conduct its affairs. However, the original plan is very clear that the power to appoint the board lies with the mayor and the city council, not with the board itself. Therefore, the ability to change procedures regarding the actual formation of the board is necessarily not included within the board's statutory powers to conduct its own affairs. The original plan's appointment procedure was obviously meant to be a check on the district's power by the participating political subdivisions. The appellants have not provided this court with any clear case or statutory authority which would allow it to unilaterally change this appointment procedure. Accordingly, we find that the trial court did not err in ruling that the appellants could not change this procedure without filing a petition for change. The appellants' first assignment of error is overruled.

■ In their second assignment of error, the appellants submit that the trial court erred in not also considering whether an amendment or change to the original petition was proper when it was deciding whether TTWWTD had the power to change the method board vacancies are filled. The appellants asked the court to approve the amended bylaws. However, R.C. 6119.051 provides very specific procedures on petitioning for change. For example, publication in a newspaper is necessary for four weeks. There is no indication in the record below of this occurring. Therefore, since the statutory procedures for petitioning for a change were not followed, we hold that the trial court did not err in not ruling on the appellants' request to amend the original petition. Accordingly, the appellants' second assignment of error is overruled.

Both of the appellants' assignments of error are without merit.   The judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., and HARSHA, J., concur.