CITY OF NORTHWOOD, APPELLANT, *v.* WOOD COUNTY REGIONAL
WATER AND SEWER DISTRICT, APPELLEE.

[Cite as *Northwood v. Wood Cty. Regional Water
& Sewer Dist.* (1999), 86 Ohio St.3d 92.]

(No. 98–522—Submitted January 26, 1999—Decided July 14, 1999.)

*Bricker & Eckler, L.L.P., John F. Birath, Drew H. Campbell, Matthew J. Arnold; Ballenger & Moore Co., L.P.A.,* and *Brian J. Ballenger,* for appellant.

*Benesch, Friedlander, Coplan & Aronoff, L.L.P., Orla E. Collier III, N. Victor Goodman, James F. DeLeone; Spitler, Vogtsberger & Huffman* and *Daniel T. Spitler,* for appellee.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman,* urging reversal for *amicus curiae* Ohio Municipal League.

*Peck, Shaffer & Williams, L.L.P.,* and *Thomas A. Luebbers,* urging affirmance for *amicus curiae* County Commissioners' Association of Ohio.

*Janet E. Jackson,* Columbus City Attorney, and *Daniel W. Drake,* Assistant City Attorney, urging reversal for *amicus curiae* city of Columbus.

*Stephen J. Smith,* Dublin Law Director, urging reversal for *amicus curiae* city of Dublin.

PFEIFER, J. The principal issue in this case is whether a municipality may exercise eminent domain over public utility facilities owned by a regional water and sewer district. For the reasons that follow, we hold that such an exercise of eminent domain is constitutional as long as the water and sewer district is not thereby destroyed. We reverse the judgment of the court of appeals and remand

to the trial court for a determination of whether, in this instance, the regional water and sewer district would be destroyed by the proposed exercise of eminent domain.

Section 4, Article XVIII of the Ohio Constitution provides: "Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. The acquisition of any such public utility may be by condemnation or otherwise, and a municipality may acquire thereby the use of, or full title to, the property and franchise of any company or person supplying to the municipality or its inhabitants the service or product of any such utility."

This court has stated that Section 4, Article XVIII, the Utility Clause, was "primarily intended to confer the power of eminent domain on municipalities for the purpose of acquiring existing public utilities." *Blue Ash v. Cincinnati* (1962), 173 Ohio St. 345, 352, 19 O.O.2d 274, 278, 182 N.E.2d 557, 562. Thus, Northwood, in seeking to exercise eminent domain over the water and sewer facilities of the district, is using the Utility Clause for exactly the purpose for which it was intended.

The question whether the Utility Clause can be used to the detriment of a municipality was answered by *Blue Ash*. This court stated: "Where a municipal corporation to which a general power of eminent domain is given by law seeks to exercise its power with respect to property in another municipal corporation already devoted to public use, its action may be enjoined if the proposed use will either destroy the existing use or interfere with it to such an extent as is tantamount to destruction, unless power so to do is expressly authorized or arises by necessary implication." *Id.* at paragraph two of the syllabus; see 1A Sackman, Nichols on Eminent Domain (3 Ed.Rev.1998) 2–55, Section 2.2. There is no question that a municipal corporation can appropriate the property of another municipal corporation, and we cannot discern a reason to treat property of a political subdivision other than a municipality differently.

The issue of whether Northwood's power to appropriate from a political subdivision is expressly authorized or arises by necessary implication is not necessary to the disposition of this case. See *Blue Ash*, 173 Ohio St. at 351–352, 19 O.O.2d at 278, 182 N.E.2d at 562. Accordingly, we leave that constitutional question for another day and proceed as if Northwood were using its general power of appropriation. See Section 4, Article XVIII of the Ohio Constitution. Therefore, the issue devolves to whether Northwood's appropriation of the district's property will "destroy the existing use or interfere with it to such an extent as is tantamount to destruction."

It cannot be seriously contended that the taking will destroy the existing use. Northwood intends to use the facilities exactly as they are currently being used. Nor, of course, will the taking interfere with the existing use so as to destroy it. We construe the question more broadly, however, and inquire whether the proposed taking would interfere with the district to such an extent as is tantamount to destruction of the district. We clarify *Blue Ash* by stating that a taking may be enjoined if it will result in the destruction of an existing public use or the destruction, including economic destruction, of an existing public utility operated by a municipality or political subdivision.

This conclusion is a logical extension of *Blue Ash*. In the case at hand, the economic destruction of the district would necessarily result in the loss of an existing public use, namely the water and sewer services that the district provides to municipalities other than Northwood. Nothing in the Constitution or the laws of this state can be said to enable a municipality to effect any such outcome through the exercise of its otherwise lawful power of eminent domain. Thus, the issue in this case becomes narrower still: Will the proposed taking result in the destruction of the district?

Neither lower court ruled upon this issue.[1] While there is abundant evidence in the record, we are loath to make a factual determination, especially in the first instance. Accordingly, we reverse the judgment of the court of appeals and remand to the trial court to review the current record to determine whether the proposed taking will result in the destruction of the district.

*Judgment reversed*
*and cause remanded.*

KLINE and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment.

COOK, J., concurs in judgment.

DOUGLAS and F.E. SWEENEY, JJ., concur in part and dissent in part.

ROGER L. KLINE, J., of the Fourth Appellate District, sitting for RESNICK, J.

---

1. The trial court did state that "allowing the City to take all of the water and sewer systems passing through the City would be tantamount to allowing the city to destroy the District's system for the convenience and economic benefit of the City." Although this seems to be a finding that destruction of the district would result, the very next sentence states that the appropriation "would, at the very least, supersede the former control by the District over its water and sewer system and, at the worst, greatly restrict the District's system." It is clear that the court did not focus on the issue as we have now defined it.

DOUGLAS, **J., concurring in part and dissenting in part.** I concur in today's decision to the extent that the majority finds that a municipality has the authority to acquire existing public utilities at least within its municipal boundaries. This conclusion is clearly supported by the plain language of Section 4, Article XVIII of the Ohio Constitution. I disagree, however, with the remaining portion of today's decision, and, specifically, the syllabus law composed by the majority. The majority's reliance upon, and "logical extension" of, *Blue Ash v. Cincinnati* (1962), 173 Ohio St. 345, 19 O.O.2d 274, 182 N.E.2d 557, is misplaced. *Blue Ash* needs little discussion other than to point out that it involved the proposed *appropriation of a municipal street* by another municipality for airport purposes. Streets and highways are not "public utilities" under Ohio law. *Id.*, 173 Ohio St. at 350, 19 O.O.2d at 277, 182 N.E.2d at 561. Accordingly, I would reverse the judgment of the court of appeals and find that Northwood, in accordance with Section 4, Article XVIII, has the absolute authority to appropriate the district's water and sewer facilities located in Northwood.

F.E. SWEENEY, J., concurs in the foregoing opinion.