DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas denying appellant's request to modify a final order issued March 31, 1989, creating the Erie-Huron County Rural Water Authority (now known as Northern Ohio Rural Water). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Northern Ohio Rural Water ("NORW") sets forth two assignments of error:
 {¶ 3} "I. The lower court erred in denying Northern Ohio Rural Water's Motion to Modify and in holding that the Motion to Modify cannot fairly be characterized as a petition for change.
 {¶ 4} "II. The lower court erred in holding that this Court has no jurisdiction to modify a final judgment absent authority under the Civil Rules."
 {¶ 5} In 1989, a petition to organize a water district pursuant to R.C. Chapter 6119 was filed in the Huron County Court of Common Pleas. Eventually, a plan of operation was approved and the petition amended to the satisfaction of all parties. Pursuant to R.C. 6119.03, a three-judge panel with one judge each from Erie, Huron and Lorain counties presided over this proceeding. The agreement was finalized by judgment entry signed by the three judges and filed March 31, 1989. The newly-created district included 13 townships within Erie, Huron and Lorain Counties.
 {¶ 6} On August 19, 2002, NORW filed a "Motion to Modify" in which it petitioned the court for an order modifying the March 1989 final order. NORW asked the court to delete from the 1989 final order language requiring the written consent of the Erie County Commissioners before it could construct a water line through territory in Erie County not within the NORW district. Specifically, NORW wished to construct a transmission line across a portion of State Route 250 within Erie County to connect already existing lines in the NORW system. In its memorandum in support, NORW stated that although it had requested permission from Erie County to cross its boundaries for purposes of installing a transmission line, Erie County had not responded.
 {¶ 7} Erie County opposed NORW's motion and, by judgment entry dated September 27, 2004, the lower court denied the motion to modify. The court found that NORW was seeking not to modify the petition it had originally filed but to eliminate certain language from the final order establishing the water district. The lower court further found NORW's motion did not state a claim for relief from judgment pursuant to Civ. R. 60(B) and that, absent authority under the Civil Rules, it did not have jurisdiction to modify a final judgment.
 {¶ 8} In its first assignment of error, NORW asserts the trial court erred by finding the motion to modify cannot be characterized as a petition for change pursuant to R.C. 6119.051. NORW argues the 1989 final order was actually an amendment to the original petition because it incorporated changes and modifications made to the original petition during the approval process. As an amendment to the petition, NORW, argues, the final order can be modified through the procedures set forth in R.C. 6119.051.
 {¶ 9} Appellant's argument is premised on the theory that the March 1989 final order is a "petition." Appellant concedes R.C. 6119.051
authorizes the court to modify only "petitions," but argues the order nevertheless can be modified because it became an "amendment" to the original petition when it was signed. We find appellant's argument fails because the petition filed by the political subdivisions seeking to establish the water authority in September 1988 and the March 1989 judgment entry are two separate and distinct documents. A brief summary of the procedure for establishing a R.C. Chapter 6119 water district supports this conclusion.
 {¶ 10} R.C. 6119.02 specifies that the petition shall contain such information as the proposed name of the district, an explanation of the need for the proposed district, the district's intended purpose, a general description of the territory to be included and a prayer for organization of the district. Pursuant to R.C. 6119.04, after the petition is filed, the court must publish notice and schedule a hearing where objections to the formation of the district may be heard. After the hearing is held and findings are made, the court may issue a preliminary order declaring the district organized if it appears the proposed district "probably is necessary." R.C. 6119.04(B). After a plan for operation of the district is filed, a final hearing is held on the petition. Upon final hearing and disposal of any objections, the court "shall declare the district finally and completely organized" if it appears the proposed district is necessary. R.C. 6119.04(D).
 {¶ 11} It is clear from the foregoing that the petition and the final order entered after all of the required hearings are two distinct documents. The petition is a proposal for the district and includes an organizational framework. The final order is the court's approval ordisapproval of the proposed district. Both of these documents are contained in the record of this case and, upon this court's review, it is clear that the final order is not an amendment to the petition but a wholly separate document.
 {¶ 12} R.C. 6119.051 allows a district, at any time after it is created, to petition the court of common pleas to "[a]mend any provision of the petition filed pursuant to section 6119.02 * * *." NORW is not seeking to amend any of the provisions in the petition, but rather is seeking to modify the final order by deleting certain language. The language NORW wishes to delete was not contained in the original petition and did not exist until the final order was drafted.
 {¶ 13} Accordingly, we find the lower court did not err by holding that the motion to modify filed by appellant NORW was not a petition for change and appellant's first assignment of error is not well-taken.
 {¶ 14} In its second assignment of error, NORW asserts the lower court erred by finding that it has no jurisdiction to modify a final judgment absent the applicability of the Rules of Civil Procedure. NORW argues that the lower court does have jurisdiction over its motion pursuant to R.C. 6119.051, which sets forth a specific procedure whereby a rural water authority may modify or change the terms of its organization.
 {¶ 15} As we found above, appellant's motion in the trial court could not properly be characterized as a petition to amend the original petition pursuant to R.C. 6119.051(C). Therefore, the trial court did not have authority to consider appellant's motion pursuant to that section of the Revised Code. Since NORW did not request relief pursuant to Civ. R. 60(B), the trial court properly found it did not have authority to modify the final order in this case. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Court of Common Pleas of Huron County is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Huron County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Singer, P.J., Skow, J. Parish, J. concur.