[Cite as *In re Henry Cty. Regional Water & Sewer Dist.*, 2020-Ohio-4341.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

IN RE:

THE HENRY COUNTY REGIONAL
WATER AND SEWER DISTRICT

[CITY OF NAPOLEON - APPELLANT]

CASE NO. 7-20-03

O P I N I O N

Appeal from Henry County Common Pleas Court
Trial Court No. 02CV097

Judgment Reversed and Cause Remanded

Date of Decision: September 8, 2020

APPEARANCES:

*Teresa L. Grigsby* for Appellant

*Carl C. Ireland* for Appellee

**ZIMMERMAN, J.**

{¶1} Appellant, the City of Napoleon ("Napoleon"), appeals the December 26, 2019 judgment of the Henry County Court of Common Pleas granting the petition of the petitioner/appellee, the Henry County Regional Water and Sewer District ("HCRWSD"). For the reasons that follow, we reverse the decision of the trial court with instructions to dismiss the petition.

{¶2} This case stems from the intended merger of the HCRWSD with the Northwestern Water and Sewer District ("NWWSD"). The facts relevant to this appeal are as follows. On July 19, 2002, the Board of County Commissioners of Henry County petitioned the Henry County Court of Common Pleas for the organization of a regional water and sewer district as provided by R.C. Chapter 6119. (Doc. No. 1). On July 19, 2002, the trial court issued a preliminary order establishing the HCRWSD. (Doc. No. 2). After a final hearing, the trial court issued a final order on January 9, 2003 declaring the HCRWSD a finally and completely organized political subdivision and approving its plan of operation. (Doc. Nos. 6, 13).

{¶3} On December 9, 1991, the Wood County Commissioners, along with various townships, villages, and cities situated in Wood County, petitioned the Wood County Court of Common Pleas for the organization of a regional water and sewer district as provided by R.C. Chapter 6119. (Doc. No. 15). *See also*

*Northwood v. Wood Cty. Regional Water & Sewer Dist.*, 6th Dist. Wood No. WD-97-010, 1998 WL 46390, *2 (Jan. 30, 1998), *rev'd*, 86 Ohio St.3d 92 (1999). The Wood County Court of Common Pleas established the Wood County Regional Water and Sewer District ("WCRWSD") on May 18, 1992, and approved its plan of operation on September 28, 1993. (*Id.*); *Id.* On July 11, 2000, the WCRWSD petitioned the Wood County Court of Common Pleas to amend the original petition to change the name of the water and sewer district from the WCRWSD to the NWWSD, which the court granted on October 2, 2000. (Doc No. 15).

{¶4} On September 4 2019, the HCRWSD Board of Trustees adopted a resolution "consenting to the merger of the [HCRWSD] with and into the [NWWSD], authorizing the execution and delivery of an agreement and plan of merger, authorizing the preparation and filing of a petition for modification of the district, and authorizing and approving other matters in connection therewith." (Doc. No. 15, Ex. G). The NWWSD Board of Trustees adopted a similar resolution on September 26, 2019. (Doc. No. 15, Ex. H).

{¶5} In accordance with the resolutions adopted by the respective boards of trustees, the HCRWSD and the NWWSD executed an agreement and plan of merger on September 26, 2019. (Doc. No. 15, Ex. J2).

{¶6} Further, based on the resolution of the NWWSD Board of Trustees and the agreement and plan of merger, the NWWSD filed a petition in the Wood County

Court of Common Pleas on October 31, 2019 requesting an order permitting it to increase or add to its purposes or to amend its petition. (*See* Doc. No. 22). Similarly, on November 5, 2019, the HCRWSD petitioned the Henry County Court of Common Pleas to approve "the merger of the [NWWSD] and the [HCRWSD]" and to modify "the manner of selection and the number of the members of the Board of Trustees of the surviving entity * * * ." (Doc. No. 15). In its petition, the HCRWSD also requested that the trial court consolidate the Henry County case with the Wood County case in the Wood County Court of Common Pleas. (*Id.*). (*See also* Doc. Nos. 20, 21). In response, the Henry County Court of Common Pleas scheduled a hearing on the HCRWSD's petition for December 12, 2019. (Doc. No. 17).

{¶7} On December 5, 2019, Napoleon filed a motion to continue the December 12, 2019 hearing; an objection under R.C. 6119.051 to the HCRWSD's petition; and (as an alternative) a motion to intervene in the case "for purposes of submitting its complaint for injunctive relief, declaratory judgment, and other relief due to [Napoleon's] interest in and objection to the proposed agreement and plan of merger that is the subject of this action."[1] (Doc. No. 22).

{¶8} On December 10, 2019, the HCRWSD filed a memorandum in opposition to Napoleon's motion to continue the December 12, 2019 hearing. (Doc. No. 23). After denying Napoleon's motion to continue the December 12, 2019

---

[1] Napoleon filed a complaint against the HCRWSD in another case. (Doc. No. 28).

hearing, the Henry County Court of Common Pleas proceeded to a hearing on the HCRWSD's petition during which the trial court permitted Napoleon to present evidence relative to its objections to the HCRWSD's petition.[2] (*See* Doc. Nos. 26, 34, 38).

{¶9} On December 26, 2019, the Henry County Court of Common Pleas granted the HCRWSD's "petition for merger of the [NWWSD] and the [HCRWSD]"; granted "an Order Modifying the manner of selection and the number of trustees of the new entity, [NWWSD] as contained in the resolutions approved by the respective Boards of Trustees"; and denied Napoleon's motion to intervene. (Doc. No. 33). That same day, the trial court granted the HCRWSD's motion to consolidate the case with the Wood County case, ordering that the cases be consolidated in the Wood County Court of Common Pleas. (Doc. No. 33).

{¶10} On January 23, 2020, Napoleon filed its notice of appeal, and raises six assignments of error for our review. (Doc. No. 35). In conjunction with its brief, the HCRWSD filed a motion to dismiss the appeal.

**Assignment of Error No. I**

**HCRWSD filed a modification petition under R.C. 6119.051 which had the practical effect of extinguishing its existence, dissolving its Board, eliminating local representation, and ceding all of its operations and assets to NWWSD. That statute requires**

---

[2] Subsequent to the December 12, 2019 hearing, on December 20, 2019, Napoleon filed a "supplemental objection" to the HCRWSD's petition. (Doc. No. 28). On December 23, 2019, the HCRWSD filed memoranda in opposition to Napoleon's "supplemental" objection to its petition and motion to intervene in the case. (Doc. Nos. 30, 31).

**that a petition for abandonment or surrender of the purposes of a water district, or amendment to the petition which approved it, be dismissed if trial court does not find the proposed action to be conducive to the public health, safety, convenience or welfare, and would not adversely affect the continued operation of the district. The trial court erred when it did not apply and analyze the standard of review set forth in 6119.051 to any aspect of the modification petition filed by Appellee HCRWSD except Board composition. Instead, it reviewed all other aspects of the modification petition as a merger under R.C. 6119.06(Y) for which it incorrectly concluded no judicial oversight was necessary appropriate. The trial court compounded its error by entering an order approving the "petition for merger" contained in the modification plan - after determining it would not evaluate or analyze the merger plan other than changes to Board composition under R.C. 6119.051.**

## Assignment of Error No. II

**Statutes must be read in pari materia. The trial court erred in not evaluating the interplay between R.C. 6119.051 and R.C. 6119.06(Y). Specifically, it erred in finding R.C. 6119.051 does not constitute a mechanism by which the City of Napoleon could object to the merger plan set forth in the modification petition, and instead by concluding that R.C. 6119.06(Y) divested the Court of judicial oversight of a modification petition which involves a merger of two water districts.**

## Assignment of Error No. III

**The trial court erred in concluding that the only issue for consideration under R.C. 6119.051 on HCRWSD's modification petition was the impact of the merger plan on Board composition. It compounded that error by issuing an order which approved changes to NWWSD Board—an entity over which it lacked jurisdiction—and not issuing an order related to the abandonment of the HSR WSD Board.**

**Assignment of Error No. IV**

**The trial court committed plain error when it entered an order approving the modification of the manner of selection and addition to the number of trustees of NWWSD because the Henry County Common Pleas Court lacked jurisdiction over NWWSD's modification petition pending in Wood County Common Pleas Court.**

**Assignment of Error No. V**

**The evidence at the hearing on the modification petition did not support a finding that approval of the petition which resulted in the elimination of the HCRWSD Board that was composed entirely of Henry County citizens, and the creation of a NWWSD Board in which Henry County citizens have 10% representation was consistent with public health, safety, convenience or welfare.**

**Assignment of Error No. VI**

**The trial court erred, abused its discretion, and deprived the City of a fundamentally fair proceeding by: (a) moving forward with a hearing on the modification petition 6 days after the City's objection was filed; (b) denying the City's request for continuation of the hearing; (c) depriving the City of an opportunity to engage in limited discovery from HCRWSD related to the modification petition, where HCRWSD had refused to respond to the City's previous records requests; (d) allowing an attorney for a biased, non-party to present evidence and examine witnesses at the hearing; (e) requiring supplementation of the hearing record 7 days after the hearing without reasonable opportunity for discovery on the petition or the several objections submitted related to the petition; and (f) failing to conduct a hearing on the objections filed by third parties.**

{¶11} In its assignments of error, Napoleon argues that the trial court erred by granting the HCRWSD's petition. However, before we address the merits of Napoleon's arguments, we must address a threshold jurisdictional issue.

-7-

{¶12} R.C. Chapter 6119, which applies to water and sewer districts, provides the procedure under which regional water and sewer districts may be organized by local governments. *See Ayersville Water & Sewer Dist. v. Geiger*, 3d Dist. Defiance No. 4-11-19, 2012-Ohio-2689, ¶ 27; *Brunswick v. Brunswick Hills Twp. Bd. Trustees*, 81 Ohio App.3d 252, 254 (9th Dist.1992), citing R.C. 6119.01. *See also Northeast Ohio Regional Sewer Dist. v. Bath Twp.*, 144 Ohio St.3d 387, 2015-Ohio-3705, ¶ 9 (noting that water and sewer districts organized under R.C. Chapter 6119 are "creature[s] of statute"). The process is initiated when "one or more municipal corporations, one or more counties, or one or more townships, or by any combination of them, after having been authorized by the legislative authority of the political subdivision" files a petition (as described in the statute) in "the court of common pleas of one of the counties all or part of which lies within the proposed district." R.C. 6119.02(A). After a final hearing,

> if it appears that the proposed district is necessary, that it and the plan for the operation of the district are conducive to the public health, safety, convenience, and welfare, and that the plan for the operation of the district is economical, feasible, fair, and reasonable, the court, after disposing of all objections as justice and equity require and by its findings, entered of record, shall declare the district finally and completely organized and to be, or to be empowered to continue as, a political subdivision.

R.C. 6119.04(D). *See In re Erie-Huron Cty. Rural Water Auth. (N. Ohio Rural Water)*, 6th Dist. Huron No. H-04-039, 2005-Ohio-4881, ¶ 10.

{¶13} Following the creation of a district, R.C. 6119.06 prescribes the rights, powers, and duties of the district. As relevant to this case, R.C. 6119.06 provides:

Upon the declaration of the court of common pleas organizing the regional water and sewer district pursuant to section 6119.04 of the Revised Code and upon the qualifying of its board of trustees and the election of a president and a secretary, said district shall exercise in its own name all the rights, powers, and duties vested in it by Chapter 6119. of the Revised Code, and, subject to such reservations, limitations and qualifications as are set forth in this chapter, such district may:

* * *

(Y) Merge or combine with any other regional water and sewer district into a single district, * * * provided two-thirds of the members of each of the boards consent to such merger or combination. *Such merger or combination shall become legally effective unless*, prior to the ninetieth day following the later of the consents, *qualified electors* residing in either district equal in number to a majority of the qualified electors voting at the last general election in such district *file* with the secretary of the board of trustees of their regional water and sewer district *a petition of remonstrance against such merger or combination*.

(Emphasis added.) R.C. 6119.06(Y).

{¶14} Furthermore, when a change to its original petition is necessary, R.C. 6119.051 permits a district to petition the court of common pleas to effectuate that change. That statute provides as follows:

At any time after the creation of a water and sewer district, the district, after action by its board of trustees, may file a petition in the court of common pleas requesting the order of such court permitting the district to:

-9-

(A) Increase or add to its purposes heretofore approved by the court so long only as its purposes are those described in section 6119.01 of the Revised Code, or

(B) *Abandon or surrender any purpose heretofore approved by the court*, or

(C) Amend any provision of the petition filed pursuant to section 6119.02 of the Revised Code.

Upon the filing of petition pursuant to this section the court shall set a date for hearing and the clerk of the court shall give notice thereof by publication once each week for four consecutive weeks in a newspaper having a general circulation in each of the counties, in whole or in part, within the district. Any person or any political subdivision residing or lying within an area affected by the operation of the district, on or before the date set for hearing, may file an objection to the granting of the petition. Upon hearing, if it appears that the request of the petition is conducive to the public health, safety, convenience or welfare and will not if granted adversely affect the continued operation of the district, the court shall grant the prayer of the petition. Otherwise, it shall dismiss the petition.

(Emphasis added.) R.C. 6119.051. *See In re Erie-Huron Cty. Rural Water Auth.* at ¶ 12.

{¶15} Here, the HCRWSD was finally and completely organized as a political subdivision on January 9, 2003 after the Henry County Court of Common Pleas approved its petition for organization filed under R.C. Chapter 6119. Thereafter, on September 4, 2019, the HCRWSD Board of Trustees adopted a resolution consenting "to the merger of the [HCRWSD] with and into the [NWWSD] in accordance with [R.C. 6119.06(Y)]"; (2) authorizing "the execution and delivery of an agreement and plan of merger between the [HCRWSD] and the

[NWWSD]; and (3) authorizing "the preparation and filing of a petition for modification of the [HCRWSD] in accordance with [R.C. 6119.051(B)] *in order to surrender its approved purposes*." (Emphasis added.) (Doc. No. 15, Ex. G).

{¶16} On September 26, 2019, the NWWSD Board of Trustees adopted a similar resolution in which it (1) consented to "the execution and delivery of an agreement and plan of merger by and between the NWWSD and the HCRWSD" in accordance with R.C. 6119.06(Y); (2) authorized the "execution and delivery of an agreement and plan of merger by and between the NWWSD and the HCRWSD; and authorized "the preparation and filing of a petition for modification of the NWWSD in accordance with [R.C. 6119.051(A) or (C)] in order to expand the scope of its service area and to provide for related changes in governance and related matters in accordance with the approved purposes of the NWWSD." (Doc. No. 15, Ex. H).

{¶17} Subsequent to the resolutions adopted by the respective boards of trustees, the HCRWSD and the NWWSD executed the agreement and plan of merger. (Doc. No. 15, Ex. J2). Importantly, and relevant to this case, the agreement and plan of merger specified as follows:

> 5.3. Petitions for Modifications of the Districts. The Districts shall cooperate to cause the filing by NWWSD and HCRWSD, as applicable, in accordance with [R.C. 6119.051], one or more petitions for modification of each of the Districts' original petitions for creation, for the purposes of, among other things, (a) modifying the boundaries of NWWSD to include the boundaries of HCRWSD, (b) adding a member to the Board of Trustees of NWWSD (the tenth board member) to be appointed by the Board of County

Commissioners of Henry County, Ohio, which member shall represent the Board of County Commissioners of Henry County, as well as all other municipalities and townships within Henry County that are currently part of HCRWSD other than the Village of McClure, (c) providing that the Village of McClure will receive voting privileges consistent with the other current member municipalities of NWWSD, (d) providing that any additional municipalities and/or townships in Henry County requesting to be part of NWWSD must do so by petition and will receive voting privileges consistent with the other current member municipalities and townships, respectively, of NWWSD, unless otherwise agreed to by NWWSD and such municipalities and/or townships at a future date, and (e) *abandoning the purposes of HCRWSD as approved in its original petition for creation.*

(Underline sic.); (Italics added.) (*Id.* at 12).

{¶18} Notwithstanding the resolution adopted by the HCRWSD Board of Trustees, the HCRWSD petitioned the Henry County Court of Common Pleas on November 5, 2019 to approve "the merger of the [NWWSD] and the [HCRWSD]" and to permit it to amend its petition by modifying "the manner of selection and the number of the members of the Board of Trustees of the surviving entity * * * ." (Doc. No. 15). Stated another way, the HCRWSD sought judicial approval of the districts' decision to merge under R.C. 6119.06(Y) and judicial permission to amend its petition under R.C. 6119.051(C) *despite* the resolution of HCRWSD Board of Trustees (as well as the agreement and plan of merger) necessitating that any petition for change filed by the HCRWSD to be filed under R.C. 6119.051(B). After hearing Napoleon's objections to the petition filed by the HCRWSD, the trial court granted the requested relief in the HCRWSD's petition.

{¶19} "As creatures of statute, sewer districts 'have no more authority than that conferred upon them by the statute, or what is clearly implied therefrom.'" *Northeast Ohio Regional Sewer Dist.*, 144 Ohio St.3d 387, 2015-Ohio-3705, at ¶ 41 (Kennedy, J., dissenting), quoting *Hall v. Lakeview Local School Dist. Bd. of Edn.*, 63 Ohio St.3d 380, 383 (1992). R.C. 6119.06 describes the rights, powers, and duties of a finally and completely organized water and sewer district, including the ability to merge with another regional water and sewer district. *See, e.g.*, *Northwood*, 1998 WL 46390, at *11 (noting that water and sewer districts are vested with the rights enumerated in R.C. 6119.06), *rev'd on other grounds*, 86 Ohio St.3d 92 (1999). Mergers of water and sewer districts under R.C. 6119.06(Y) do not require judicial approval. Indeed, the plain language of the statute states that, when "two-thirds of the members of each of the boards consent to [a] merger or combination," the "merger or combination shall become legally effective unless" a petition of remonstrance is filed in accordance with the statute. R.C. 6119.06(Y). Further, the statute provides that the water and sewer district may "[e]xercise the powers of the district without obtaining the consent of any other political subdivision * * * ." R.C. 6119.06(Z).

{¶20} Moreover, the decision to merge with another regional water and sewer district is not equivalent to the steps necessary to effectuate a merger. Rather, the method for judicially effectuating any change to the petition of a water and sewer

district is found in R.C. 6119.051. R.C. 6119.051 permits a water and sewer district—after action by its board of trustees—to file a petition with the court of common pleas to request an order permitting it to do any of the following: (1) increase or add to its purposes; (2) abandon or surrender any purposes; or (3) amend any provision of its petition. *See, e.g., Glouster v. Trimble Twp. Waste Water Treatment Dist.*, 112 Ohio App.3d 392, 396 (4th Dist.1996) (noting that "R.C. 6119.051 provides very specific procedures on petitioning for change").

{¶21} Upon our review, we conclude that the petition filed by the HCRWSD in this case sought relief beyond what is required by statute and sought relief outside of what was specifically authorized by the HCRWSD Board of Trustees. That is, judicial approval of the HCRWSD's decision to merge with the NWWSD under R.C. 6119.06(Y) is unnecessary.

{¶22} Certainly, the objections raised by Napoleon relative to the HCRWSD's decision to merge with the NWWSD under R.C. 6119.06(Y) should have been challenged through the mechanism provided by the statute—a petition of remonstrance. "[A] petition of remonstrance when duly filed makes ineffectual the action of the board of trustees." *Myers v. Trustees of Southwest Regional Water Dist.*, 12th Dist. Butler No. CA98-07-146, 1999 WL 225124, *4 (Apr. 19, 1999), citing *Cty. Bd. of Edn. of Putnam Cty. v. Bd. of Edn. of Hartsburg Rural Special School Dist. of Putnam Cty.*, 112 Ohio St. 108, 110 (1925). In this case, there is no

evidence in the record that a petition of remonstrance was filed in accordance with the statute. *Compare id.* (noting that a petition of remonstrance is the appropriate remedy to "make[] ineffectual the action of [a] board of trustees" but that no party "availed himself of [that] remedy" in the case). Therefore, the merger was legally effective 90 days after the later of the districts to consent to the merger—that is, the merger of the HCRWSD and the NWWSD was legally effective 90 days after the NWWSD Board of Trustees consented to the merger on September 26, 2019.

{¶23} Furthermore, the HCRWSD was without authority to file a petition for change under R.C. 6119.051(C) requesting an order permitting it to *amend* its purposes. Here, the HCRWSD Board of Trustees adopted a resolution authorizing the HCRWSD to file a petition for change under R.C. 6119.051(B) requesting an order permitting it to *abandon or surrender* its purposes. Accordingly, as a creature of statute, the HCRWSD was authorized only to file a petition for change under R.C. 6119.051(B) requesting an order permitting it to abandon or surrender its purposes. In other words, the HCRWSD was not authorized to petition the Henry County Court of Common Pleas for an order authorizing it to amend its petition by modifying the manner of selection and the number of the members of the board of trustees of the surviving entity. Accordingly, when faced with a petition seeking an order permitting the district to take action other than the action specifically

-15-

authorized by resolution of the district's board of trustees, the trial court should have dismissed the petition.

{¶24} Also before this court is a motion to dismiss filed by the HCRWSD. In its motion to dismiss, the HCRWSD contends that this court is without jurisdiction to consider the merits of Napoleon's arguments as a result of consolidation of the cases in the Wood County Court of Common Pleas. In sum, the HCRWSD argues that a decision of this tribunal reversing the decision of the Henry County Court of Common Pleas would also overturn the congruent decision of the Wood County Court of Common Pleas granting the relief requested by the NWWSD in its petition filed on October 31, 2019. We disagree.

{¶25} Action by the Henry County Court of Common Pleas and the Wood County Court of Common Pleas on appropriately filed petitions requesting an order to change the petition of the district (that is subject to each tribunal's jurisdiction as provided by R.C. 6119.03) are independent determinations. As we previously stated, mergers of water and sewer districts under R.C. 6119.06(Y) do not require judicial approval. Accordingly, the districts should have filed a petition for change (as authorized by the respective board of trustees) in the Henry County Court of Common Pleas and Wood County Court of Common Pleas, respectively. Specifically, (as we determined in this appeal) the HCRWSD Board of Trustees adopted a resolution authorizing the HCRWSD to file a petition for change under

-16-

R.C. 6119.051(B) requesting an order permitting it to abandon or surrender its purposes. Likewise, the NWWSD Board of Trustees adopted a resolution authorizing the NWWSD to file a petition for change under R.C. 6119.051(A) or (C) "in order to expand the scope of its service area and to provide for related changes in governance and related matters in accordance with the approved purposes of the NWWSD." (Doc. No. 15, Ex. H). Importantly, the relief requested by the HCRWSD and the NWWSD in the respective court of common pleas is personal to the petition establishing each district. Thus, the specific relief sought by the HCRWSD in the Henry County Court of Common Pleas and the specific relief sought by the NWWSD in the Wood County Court of Common Pleas is not dependent on action by either tribunal. Therefore, the HCRWSD's motion to dismiss is denied.

{¶26} For these reasons, we conclude the HCRWSD's petition seeking judicial approval of the HCRWSD's decision to merge with the NWWSD and seeking judicial approval of its request to amend its petition under R.C. 6119.051(C) was not properly before the trial court and should have been dismissed. *See Crenshaw v. State of Ohio Lucas Cty.*, 6th Dist. Lucas No. L-97-1440, 1998 WL 336930, *2 (May 22, 1998); R.C. 6119.051. Under App.R. 12(A)(1)(a) we have the authority to "affirm, modify, or reverse" a judgment of a trial court. Accordingly, because the trial court should have dismissed the petition, we must reverse the

decision of the trial court and remand the cause to the trial court with instructions to dismiss the petition.

{¶27} Therefore, we sustain Napoleon's assignments of error to the limited extent discussed above and overrule them in all other respects.

{¶28} Having found error, we reverse the judgment of the trial court and remand the matter with instructions to dismiss the petition.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**